### COLE and Another *v.* PENIWELL and Others.

Where the process states a special capacity in which the plaintiff sues, the declaration must conform to it; but where the writ is general, the declaration may describe the parties in a particular character.

The dismissal of a suit, after the writ has been quashed, is a nullity.

The quashing of the writ puts an end to the suit, and is a final judgment which may be reversed on appeal or writ of error.

APPEAL from the *Warren* Circuit Court.

*Monday, November* 18.

DEWEY, J.—The appellants declared in debt in the Court below, and described themselves as late partners doing business under the firm, &c.; two of the defendants (there being others) are also described in the declaration as co-partners, and are alleged to have executed the promissory note, which is the foundation of the action, in the name and style of their firm. The *capias ad respondendum* omits these two descriptions of co-partnership, but in other respects corresponds with the declaration in the names of the parties. The Court below, on motion of the defendants, quashed the writ for a supposed variance between it and the declaration in the description of the parties. The plaintiffs prayed an appeal to this Court, which was refused; they then moved for leave to dismiss their suit; this motion was granted, and judgment for costs rendered against them, upon which they renewed their prayer for appeal, and it was allowed.

We think the Court erred in quashing the writ. There was no material variance. The law is, that where the process states a special capacity in which the plaintiff sues, the declaration must conform to it, and cannot be more general; but where the writ is general, it is no cause for setting aside

the proceedings, that the declaration describes the parties in a particular character. The defendant has no right to complain of that mode of declaring, for it confines the demand which he is required to answer to more narrow limits. 1 Chitt. Pl. 253.—*Canning* v. *Davis*, 4 Burr. 2417.—*Rogers* v. *Jenkins*, 1 B. & P. 383, and note *b*.—*Lloyd* v. *Williams*, 2 Bl. Rep. 722.—*The Weavers' Co.* v. *Forrest*, 2 Str. 1232.—Tidd's Pr. 403.—*Duvall* v. *Craig*, 2 Wheat. 45.

The appellees contend that the appellants are not entitled to maintain this appeal, notwithstanding the error of the Circuit Court in quashing the writ, because the suit was, afterwards, dismissed on their own motion. We cannot sustain this objection. The motion to dismiss and the granting of it were nullities. The cause had been previously dismissed against the consent of the appellants. The quashing of the writ puts an end to a suit, and is a final judgment which may be reversed on appeal or writ of error. 5 Mass. Rep. 193.—Gould's Pl. 300.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the motion to quash the writ set aside, with costs. Cause remanded, &c.

*J. Pettit*, for the appellants.
*R. A. Chandler*, for the appellees.