## STECK *v.* MAHAR.

APPEALS—*Motions for new trial, etc.*—On an issue and trial of fact by a jury, *or the court,* a motion for a new trial is essential to correct the errors growing out of the *evidence* or *instructions,* before an appeal can be entertained by this court; but where the errors do not grow out of the *evidence* or *instructions,* but are apparent from the record, without the intervention of a bill of exceptions, there is no necessity for the motion, and the cause, in such a case, can be brought to this court without the motion having been made.

Where the errors complained of do not appear of record, save by the intervention of a bill of exceptions, a motion for a new trial must be made before an appeal will lie to this court, and the appeal will not then lie, if the error can be corrected in the court below, until the motion has been made and overruled in the circuit court.

*Appeal from Jefferson Circuit Court.*

HON. HENRY B. MORSE, Circuit Judge.

*J. A. Williams and Montgomery & Warwick,* for appellant.

*Garland & Nash,* for appellee.

McCLURE, C. J.

This action appears to have been commenced under section 525, of the Civil Code, which provides that a proceeding at

law may be instituted against a party who usurps an office, by the party entitled thereto.

The appellee, who was the plaintiff in the court below, alleges, in his complaint, that he was legally appointed and commissioned as constable of Vaugine township, Jefferson county, by the Governor of the State, and that he has given bond and qualified as such, and is entitled to said office of constable, and the fees thereof. That one Jacob S. Steck has usurped said office, and is exercising the duties thereof without authority of law, and has received fees pertaining to said office, amounting to $1,000, and concludes by asking that said Steck be removed from said office, and that he, the plaintiff, have judgment for the fees received by said Steck, as constable.

Steck, as a response and exhibit, as appears from the record, simply filed his commission as constable. The cause was submitted to the court, sitting as a jury, and the court found for the appellee, and that Steck was an usurper, and rendered a judgment against him for $100 00, as damages. To which ruling and finding of the court Steck excepted, and asked time to prepare his bill of exceptions.

The bill of exceptions recites that the only evidence offered by the appellee was his commission, and that the only evidence offered by the appellant, was his commission. No declarations of law seem to have been asked by either party; nor does it appear that the court made any declaration of law; nor was there a motion for a new trial. Under this state of facts, the defendant, in the court below appealed, on an issue and trial of fact, by a jury, *or the court.* A motion for a new trial is essential to correct the errors growing out of the *evidence* or *instructions,* before an appeal can be entertained by this court. Where the error complained of does not relate to errors growing out of the *evidence* or *instructions,* but are apparent from the record, without the intervention of a bill of exceptions, there is no necessity for making a motion for a new trial, and the cause, in such a case, can be brought to this court without making the motion; but in cases where the error complained

of does not appear of record, save by the intervention of a bill of exceptions, a motion for a new trial must be made before appeal will lie to this court; and the appeal will not lie in the case last supposed, if the error complained of can be corrected in the manner provided in section 571, of the Civil Code, until the motion has been made in the circuit court, and there over-ruled, (*Sec. 886.*)

In the case at bar, it appears there was an issue and trial of fact by the court below; not only an issue and trial, but a find-ing that Mahar was, and is the legal constable of Vaugine township, and that Steck is an usurper of said office, and not entitled to discharge the duties thereof, and of right, has no claim thereto. A judgment of ouster followed this finding. There is no error in the *judgment*, if the finding of the court, sitting as a jury, is correct. Whether the court erred as to the finding of *facts*, we have no means of ascertaining, nor would it be proper for us to take the matter under consideration, in the present attitude of the case. Counsel for the appellant urge that the bill of exceptions is defective in not showing the evidence, or in any manner identifying it. It is unnecessary to say any thing about the exceptions, as the record itself can-not be considered by the court.

The appeal is dismissed.

GREGG, J., dissenting, says:

In this case an action was brought, under the Code, to deter-mine the right to the office of constable in Vaugine township, Jefferson county.

The suit seems to have been regularly brought; the parties appeared in the circuit court and, by consent, went to trial be-fore the court, sitting as a jury; both introduced evidence; the court found for the appellee, and rendered judgment, ousting the appellant from the office, etc. He excepted to the finding and judgment; tendered his bill of exceptions, which was made part of the record, and prayed an appeal to this court, which was granted.

In our opinion, this brings the case properly before this court for affirmance or reversal.

If the appellant has failed to show error in the court below, the judgment should be affirmed.

If a motion for a new trial must be made in that court, before this court can consider any alleged error growing out of the evidence or instructions of the court, a party appealing without such motion, loses any advantage that he otherwise would have had upon a review of the evidence or instructions, and if the record shows no error outside of such exceptions, the record should at once be affirmed.

A litigant often takes all the necessary steps to bring his case properly before the court for determination, and wholly fails to show any error in the record; his appeal is not, therefore, dismissed, but the judgment affirmed.

When an appeal is granted the whole record comes before the court. Suppose assumpsit should be brought upon an alleged promise to pay one thousand dollars for the murder of ten black men, and the defendant should set up that the plaintiff was to murder fifteen for that sum, and having killed but ten no right of action had accrued, and should a trial be had, finding and judgment for $1,000 for the plaintiff, a bill of exceptions taken, setting out the evidence, a motion in arrest of judgment, and an appeal to this court, but no motion for a new trial, would this court, for that reason, not look to the other errors and illegalities upon the face of the record, and reverse without considering the evidence or instructions?

The errors of law appearing *de hors*, the evidence and instructions should be corrected. For want of the motion the appellant simply loses the benefit of his objections and exceptions, wherein such motion is required, and if there is no other error, as in the case under consideration, the judgment should be affirmed. If additional error appears it should be reversed. And if this court refuses to consider the record, simply because there was a bill of exceptions to the admission of evidence, and no motion for a new trial, then it can never discover

whether there were other errors or not. If this court does go into the record to find whether or not such other errors exist, then it should, by its judgment, announce that there is or is not error; that is, affirm or reverse.

It certainly cannot be earnestly contended that errors made to appear upon the record, by demurrer or otherwise, entirely disconnected with the evidence or instructions, cannot be corrected, because a litigant has set out a bill of exceptions, and made no motion for a new trial. The fact of losing the benefit of his exceptions, in these particulars, does not forfeit his right to have other errors considered, and if the court considers the record at all, to see if other errors are apparent, how is the world to know its conclusions, if the fact is not announced by affirming or reversing the judgment?

We hold that the judgment should have been affirmed.