MERRIWEATHER v. ERWIN.

APPEALS—*Motions for new trial, etc.*—Where the errors complained of do not appear of record, save by the intervention of a bill of exceptions, a motion for a new trial must be made before an appeal will lie to this court; and the appeal will not then lie, if the error can be corrected in the court below, until the motion has been made and overruled in the Circuit Court. (*Steck vs. Mahar*, 26 Ark., approved.)

APPEAL FROM CHICOT CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*Watkins & Rose,* and *Adams & Dixon,* and *Pike & Johnson* for Appellant.

*Garland & Nash,* for Appellee.

BENNETT, J.—The appellee sued the appellant, in the Chicot Circuit Court, in assumpsit, and the appellant pleaded the general issue, payment and set-off. Issues, upon these pleas, were made up and a trial had, and verdict for the appellee. Merriweather appealed.

The bill of exceptions does not show that there was a motion for a new trial filed in the cause below. In the manuscript, there is what purports to be a motion for a new trial, marked filed on the 23d day of October, 1869, but not signed by the clerk. After the cause was sent to this court, counsel for appellant and appellee, on the 27th of October 1870, filed an agreement in words, as follows:

"It is hereby agreed, between the counsel of said parties, that the motion for a new trial, which was filed and marked filed on the 23d of October, 1869, was not noted of record or acted on; is, in fact, no part of the record on appeal, and is not to be regarded as such.

[Signed.]

STREET & PIKE,
*Counsel for Merriweather.*

GARLAND & NASH,
*For Erwin.*"

It has been decided by this court, at its last term, in the case of *Steck vs. Mahar*, 26 *Ark.*, 537 : "That on an issue and trial of fact, by a jury, or the court, a motion for a new trial is essential to correct the errors, growing out of the *evidence* or *instructions*, before an appeal can be entertained by this court. When the error complained of does not relate to errors growing out of the *evidence* or *instructions*, but such as are apparent from the record, without the intervention of a bill of exceptions, there is no necessity for making a motion for a new trial, and the cause, in such case, can be brought to this court without making the motion; but in cases where the error complained of does not appear of record, save by the intervention of a bill of exceptions, a motion for a new trial must be made before an appeal will lie to this court."

The case before us is one, where not only the facts, but the declarations of law are questioned, and very clearly comes under the ruling of the case above cited. Wherefore, when the counsel for the appellant, agreed that no motion for a new trial was made in the court below, they admitted their case away:

The language of the Code (*sec.* 886) is: "A judgment or final order shall not be reversed for an error which can be corrected on motion in the inferior courts, until such motion has been made there and overruled."

No effort having been made to correct the errors complained of, in this case, in the court where they originated, we must sustain the former ruling of this court.

Let the judgment be affirmed.

GREGG, J., dissenting.—I will only announce that I am unable to see a sufficient reason to concur with the majority of the court in the construction of the Code, which forbids us from passing upon the legality or illegality of the instructions, by the court, given to the jury in this case.

In this case, after the evidence was all before the court and jury, the appellant moved the court to give certain instruc-

tions to the jury, as the law applicable to the evidence before them; the court refused to so instruct them, and he excepted, and by his bill of exceptions brought the evidence all upon the record. The court, at the instance of the appellee, gave different instructions to the jury, to which he excepted, and the jury found for the appellee one thousand dollars. Appellant rested upon his exceptions and prayed an appeal to this court which was granted, and among other things, he here insists that we should review such instructions and declare whether or not they are law as applicable to the evidence before that court, and now before us in the record of the cause.

The majority of the court held that we cannot pass upon such instructions, because there was not a motion made for a new trial in the court below; we are of opinion that the legality or illegality of the rulings of the court, upon these instructions, is purely matter of law, and as the record sets out all the evidence, as it appeared in the court below, it is perfectly competent for us to announce whether or not that court instructed the law, as applicable to this state of facts.

Section 886, of the Civil Code, is quoted. We hold that should be considered and construed in connection with other provisions of that Act. If taken in a broad and unlimited sense, it would deprive this court from reversing the most glaring errors of law, if a new trial was not moved in the court below. If the Circuit Court should sustain a demurrer to a valid complaint, and adjudge costs against the plaintiff, such would be an error that might be, on motion, corrected in that court; the plaintiff might move the court to reconsider the demurrer; that might be sustained, the demurrer overruled and the case reinstated on the docket; but, notwithstanding this error might have been corrected in the court below, by motion, this court does not hesitate to consider whether or not the demurrer was properly overruled, and why not? Because it is a question of law that appears upon the record; the record shows the error. That is all true, but is it not equally true that the

case before us shows the error, in instructing the law as applicable to the facts, and if we take section 886, in the broad sense, we could not consider either error here. It says: "A judgment or final order which can be corrected, on motion, in the inferior court, shall not be reversed until a motion is made there and overruled;" but there are other provisions to be considered with this. Section 365 says: "An exception is an objection taken to the decision of the court upon a matter of law." Sec. 366, "the party objecting to the decision, must except at the time," etc. Sec. 367 is, "no particular form of exception is required; the objection must be stated, with so much of the evidence as is necessary to explain it and no more, and the whole as briefly as possible." Then, if the exceptions are shown in the record, can they not be heard in this court, without a motion in the court below, and, in this case, the exceptions do so appear.

In all cases where a litigant desires the court to pass upon the weight or sufficiency of the evidence, in the court below, a motion must first be made there; the judgment of that court must be had before coming into this court, and this rule applies to oversights, informalities, misprisions, etc., etc.; that should, as a matter of course, be corrected in that court, and a case should not, for such causes, be reversed here, until a motion is made and overruled there, and section 886 applies to errors like these. *Ingersoll vs. Bostwick*, 22 *N. Y.*, 425; *Johnson vs. Casserly*, 6 *Seld.*, 570. A different construction would lead to absurdities. If we limit the meaning of the language in that section, so that we can pass upon a demurrer or any other question of law here, without such motion, it seems to me the same construction would require us to pass upon all questions of law properly brought upon the record before us, and in this case, the bill of exceptions properly sets out all the evidence and then sets out the propositions of law which the court was asked to declare as applicable to the evidence. The court solemnly considered the appellant's instructions and declared they were not the law, to which he excepted and

prayed an appeal; and he now comes before us and asks that
we determine whether or not these propositions were law
arising upon the evidence then before the court. Now, it
seems to us, this is as purely a question of law as any that could
arise upon a demurrer or otherwise; the evidence all being
duly certified here, and the sole question being, did the court
mistake the law, when moved to apply it to the evidence?
Does it not seem that the proper rule would be, that any error
of law, properly brought before us, upon the record, could be
examined and passed upon in this court, without a motion
for a new trial in the court below? If the matter is passed
upon there and properly excepted to, ought not that to be
sufficient? But if objections, not going to the deliberate
judgment of a question of law, by the court, but to the weight
of evidence, the verdict of the jury and such misprisions,
informalities, etc., etc., as above referred to, the party should
not be heard here, unless, on motion, the court below refused
to make the correction.

By an examination of our Code, we find a large class of
errors it is made the duty of Circuit Courts to correct, prin-
cipally referred to in sections 375 and 571, and errors of this
class must be corrected as a matter of course, and the inferior
court is authorized to correct them after adjournment of the
term at which they occur; and section 886 evidently relates
to errors of this kind, and we do not claim this conclusion as
an original thought, but upon an examination of the decis-
ions upon the Kentucky Code (from which it is well known
that most of ours was copied), we found their Supreme Court
placed this construction upon it; section 903, of their Code,
and 886 of ours, are alike verbatim, and section 579 of theirs
is similar to 571 of ours, and by consulting the notes accom-
panying the Kentucky Code, it will be seen that in explana-
tion of 903, they show that the cases in which such motion
must be made, in the court below, before the matter is assigned
for error in the Court of Appeals, are such as are classed in
section 579.

In the case of *Wilson vs. Barnes*, 13 *B. Monroe*, 330, the lower court committed an error by rendering a judgment for a larger amount than was shown to be just, and also by computing interest on a note, which formed a part of the matter of complaint, for too long a time; the Supreme Court said, in view of these sections exactly like ours: "The wrong computation of interest was a clerical misprision, and the judgment for that cause would not be reversed, because it could have been corrected on motion in the court below; but for the error in rendering judgment for said sum of one hundred and fifty dollars, the judgment is reversed and the cause remanded for further proceedings," etc. Here was an erroneous judgment for damages, which would have been a good cause for setting it aside, on motion; no such motion was made, yet the Supreme Court, that must be presumed to have been familiar with the intent and meaning of their Code, reversed the judgment and remanded the case, and why? Simply because the record showed that the court below had committed an error of law. We feel assured, from an examination of the decisions under the Kentucky Code, wherein it is verbatim the same as ours, that for all errors of law that appear in the record, the appellate court will reverse without a motion for a new trial.

In the case of *Raymon vs. Reed*, 16 *B. Monroe*, 350, where a question of service was up, the Supreme Court say: "We think, after the appearance of the defendant, the judgment against him would have been authorized, had he failed to object to the same, but he appeared and objected; had there been no appearance to the action, the judgment would have been regarded as premature and a clerical misprision, and no appeal to this court would have been authorized until the Circuit Court had refused upon motion to set aside the judgment.

"*But the defendant having appeared and objected to the judgment, the court having decided upon its propriety, the error is an error of the court, and not a mere clerical misprision*, wherefore

the judgment is reversed," etc. Here, it will be seen, there was no motion for a new trial, nor was there any demurrer; it was simply a mistake of the court in declaring the service sufficient. The case of *Humphreys vs. Walton*, 2 *Bush.*, 580, seems to intimate against the doctrine, in the above cases, and in favor of the ruling of the majority of the court; but in the case of *Union Insurance Co., of Louisville, vs. Groom*, long since that, the Supreme Court said the intimation in the case above was mere "*obiter*," and is not regarded "*as authoritative or right.*" They say, "on a full issue and much testimony, the judge to whom both law and facts were submitted, rendered judgment for the amount claimed in the petition. An authenticated bill of exceptions purports to recite all the evidence on the trial, but there having been no motion for a new trial, the preliminary question, whether without such motion for a new trial, made and overruled, this court can entertain the appeal, meets us at the threshold." And they proceed to declare that they have cognizance of the appeal and to dispose of the case upon its merits. 4 *Bush.*, 289. This was no dictum of the judge, but the question, stronger than in the case before us, was presented directly to that court and they squarely meet it and decide that the case is before them for a decision upon the merits. In the case before us, the evidence was all before the court and all appears of record here, and the appellant, upon the evidence, moved the court to declare or instruct the law; the court refused the instruction; he excepted, and when judgment went against him, he appealed to this court, and now asks us to say if that court did not commit error in ruling against him; and as the Supreme Court of Kentucky said, he had then taken the judgment of that court. The majority say we cannot pass upon the instruction because he did not move for a new trial; but it seems, to us, it is a question of law, and that this court should pass judgment upon it; the appellant cannot question the facts upon the record; the evidence stands as true and sufficient, but he says the court below did not decide the law, and

that is what he here complains of; that he there moved the court to decide the law in his favor, but the court overruled his motion and refused his instruction, and he excepted, and we are now told that he ought then to have moved the court, again, to hold the law in his favor, and to grant a new trial because the court had decided the law against him. Now it does seem to us when he, on one motion, takes the deliberate judgment of the court below upon a question of law, and excepts to its ruling, that, under the Code, it is sufficient to allow such ruling to be brought before us for review, without these repeating motions.

Codes are said to make the law easy, but the questions misconceived, by eminent counsel, fail to show us the excellence of the improvement.

Before the adoption of the Code, there could have been no question but the legality of these instructions would have been properly before us; the ruling has been uniform since the case of the *State Bank vs. Conway*, 13 *Ark.*, 344; *See State Bank vs. Wilson*, 14 *Ark.*, 113; *Stillwell vs. Gray*, 17 *Ark.*, 475; *Gordon vs. Miller*, 21 *Ark.*, 398; *Strayhorn vs. Giles*, 22 *Ark.* 517. By a careful examination of these and many other cases that might be referred to, it will be clearly seen that this court has, for many years, consistently held, that a verdict and judgment would not be set aside for the want of sufficient evidence, unless there was a motion for a new trial, but whenever any exceptions were taken to any ruling of the court, upon the law, this court would consider all such exceptions shown upon the record, whether of instructions, demurrer or other matters of law.

In the case of *Myers vs. Moore*, 19 *Ohio*, 136, under provisions in a Code similar to ours, where one of the parties moved an instruction, which the court refused to give, and the evidence was set out and he appealed, the Supreme Court said: "But it is insisted, for the plaintiff in error, there is a formal but a fatal defect in the proceedings before the court of common pleas, and as a consequence of that defect, that no foun-

dation is laid for reviewing, upon a writ of error, the judgment of that court. The record, from the common pleas, does not show that after judgment was rendered by that court, a motion was made for a new trial, that motion overruled and an exception taken to the decision overruling the motion;" the court then proceed to discuss the exception taken to the instruction of the court and to pass upon its merits. *See* 18 *B. Mon.*, 94; 2 *Met.*, 542; 15 *Ohio*, 58; 4 *Ohio*, 389.

The rule, as laid down, is this: When a question of law has been submitted to the court below, and by that court passed upon and excepted to, no motion for a new trial is necessary before appealing, but if the correctness of the ruling upon the law depends upon its application to the evidence or other extraneous facts, then the evidence or such facts must be brought upon the record by a bill of exceptions, so the appellate court can see if the law was properly applied.

We have been unable to find any law or precedent, requiring a proposition of law to be twice submitted to an inferior court, before an appellate court would review its judgment. If the party appealing relies alone upon the question of law, decided by the lower court, and that ruling of law appears upon the face of the record (and if brought there by a duly certified bill of exceptions, it does as fully appear as would a ruling upon a demurrer to a complaint at law) then no motion need be made. If a litigant is satisfied with all the pleadings and with all the evidence, he has only to move the court to declare the law; if the court overrules his motion, must he again move the court to hold the law in his favor and grant a new trial, because the court does not understand the law, as he does? we think not. The deliberate judgment of the court upon the law, once called forth and shown upon the record, is sufficient to have it reviewed here, and hence, we are of opinion, that the instructions in this case are subject to review.