CLARK ET AL. V. HARE.

PRACTICE:   *Judgment on demurrer: New trial for: Practice in Supreme Court.*

Error in the court's judgment on a demurrer is no ground for a new trial. It will be reviewed in the Supreme Court, if excepted to, and not waived by pleading over, without any motion for new trial. And so of the final judgment, and any error of the court apparent on the record. They will be considered without any motion for a new trial.

APPEAL from *Sebastian* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*Clendenning & Sandels*, for appellants:

The answer stated full defenses, and the demurrers were improperly sustained.

This proceeding was based upon the decree in *Drake v. Thyng*, which was reversed at the May term, 1881, of this court.

*James A. Yantis*, for appellee.

EAKIN, J.   Although we can not notice it judicially, nor make it the basis of any judicial determination, we can not but perceive that this case grew out of the proceedings below in the chancery suit of *Drake v. Thyng*, reported in *37 Ark., 228*. We refer to the opinion there delivered, for the purpose of making this shorter and more intelligible.

Hare sued Clark, the receiver, and his sureties, in that case, upon his bond, showing:   That the court, on the eighteenth day of February, 1878, had ordered the receiver to pass his accounts, and to pay balance in his hands to Hare & Tinker, parties to the suit; that on the thirtieth

day of July, 1879, it was found that he had on hand $1,931.11, which, with costs, he was ordered to pay to the clerk; that the order was afterwards modified to determine the several interests of the parties to the suit in the fund; that of Hare & Tinkner being $1,712.98, and that of Drake & Thyng being $218.13; that Hare had purchased the interests of Thyng and Tinker, and before the commencement of this suit at law, had obtained permission to sue the receiver.

Kannady a surety, and Clark were the only parties served. They answered separately, each in several paragraphs. A demurrer to the whole of Clark's answer was sustained, and also to all of Kannady's except one paragraph, as follows: "Defendant says he has no knowledge or information sufficient to form a belief as to whether said plaintiff is the owner of the supposed interest of the said Joseph Tinker." The trial was upon this issue alone, which it will be observed admits the assignment to plaintiff of Thyng's interest, as alleged, and puts the plaintiff upon proof of the assignment of Tinker. It will be further observed that the plaintiff does not claim an assignment of Drake's interest, and a denial of that was not required, nor was the plaintiff entitled to recover anything upon it. The court to which the issue was submitted, found "for the plaintiff," and proceeded to render judgment in Hare's favor for the whole sum of $1,931.11 debt, with costs, interest, etc., amounting to $2,189.20.

A motion for a new trial was overruled. It assigned the following causes:

1. Error in sustaining the demurrers to the answers.

2. Error in the finding on the paragraph submitted.

3. Error in rendering judgment for plaintiff.

Exceptions were noted to the order overruling the mo-

PRACTICE: Judgment on demurrer not corrected by new trial.

tion for a new trial, and afterwards, on filing the bill of exceptions, an appeal was prayed from the judgment.

The first ground was not appropriate. An error in sustaining the demurrers could not be cured by a new trial on the issues of record. If the judgment upon the demurrers had been excepted to at the time, and had not been cured or waived by answering over, they might be considered on the general appeal. In matters of law, ruled upon the pleadings, and not connected with or affecting proceedings on trial, a party may rest at once upon his remedy by appeal. He may make his exceptions without harassing the court with motions for reconsideration. All that the record shows is, that after the demurrers to the answers had been sustained, " the defendants refusing to answer or demur further, the cause is, by consent, submitted to the court, sitting as a jury, on the sixth defense set forth by the defendant Kannady." This made the single issue above indicated, and relieves us of the consideration of any error as to the demurrers. They could not properly be brought again before the court in a motion for a new trial.

As to the second ground, the only evidence was that of the plaintiff himself, who proved " that he had purchased all the interest of Joseph Tinker in the *brick-yard* mentioned in the pleadings, before the termination of the chancery suit therein mentioned, and before the institution of this action." The issue was whether or not Hare was the assignee of Tinker's interest in a fund in the Chancery Court, which was money. The court and attorneys were probably well advised, as individuals, that this fund arose from bricks in some way, but there is nothing in the complaint or answer, making the issue, to give us the like advantage; and we can not look across to the old case of *Drake v. Thyng* to ascertain that fact. The court below should not have done so, and we think it erred in finding for the plaintiff on this issue. Even if we were well

Clark et al. v. Hare.

advised that the fund grew out of the sales of brick, or damages for their seizure, or out of other effects of a brick-making firm, yet the brick-yard itself would remain an entity afterwards, and an assignment of that would not necessarily carry an interest in a fund in court belonging to parties to the assignment.

The third ground need not to have been made the basis of a motion for a new trial. The trial proper ended with the finding, and the rendition of the judgment was the action of the court in its ordinary capacity, and not sitting as a jury. The same question is raised by the appeal from the judgment.

It is manifestly erroneous in this: That it is for the whole amount in the receiver's hands. The plaintiff shows that part of it belonged to Drake, and does not claim to be Drake's assignee. There is no issue at all on this point, and the court could only, even on full proof, have rendered judgment in complainant's favor for the amount of his original interest, together with Thyng's and Tinker's. This error is apparent on the face of the record, and, as aforesaid, required no motion for a new trial for its correction.

We have judicially determined these points without aid from the chancery suit. We can not for like reason now dismiss it here upon our personal knowledge that the order upon which it is founded has been annulled, and all proceedings under it have fallen with it, and that the ultimate rights of all parties are still depending for adjustment in the chancery suit which has been remanded. If the parties are advised to bring anything of this nature to the notice of the court below, by supplemental proceedings, they must pursue their own course in the first instance.

Reverse the judgment and remand the cause for a new trial, or for such other proceedings as may be consistent with law and this opinion.