HUNTER *v.* STATE.

Decided January 23, 1892.

*Liquor—Sale.*

> A sale of liquor in the hands of a carrier by a consignee without license, to whom it had been consigned C. O. D., is a violation of the statute against selling liquors.

APPEAL from *Pope* Circuit Court.

J. G. WALLACE, Judge.

The appellant *pro se.*

1. Contends that the instructions of the court were erroneous. Appellant merely assigned or transferred a *chose in action*, which he had the right to do. 43 Ark., 360; 4 Lawson, Rights & Rem., sec. 1449; Wheeler on Carriers, 227.

2. The charge ignores the fact that there was evidence that appellant gave Collier $1.60 to pay the C. O. D. charges. The State is bound by her admissions. Steph. Dig. Ev., p. 125, art. 60. This was a mere delegation of authority and not a sale.

3. Counsel made damaging statements in argument of which there was no legal proof. 87 Ala., 14; 6 So. Rep., 290; 116 Ind., 164; 19 N. E. Rep., 330.

*W. E. Atkinson* Attorney General, and *Chas. T. Coleman* for appellee.

43 Ark., 353, is conclusive of this case.

HUGHES, J. This is an appeal from a judgment rendered against the appellant upon a conviction for selling intoxicating liquor without license. The causes assigned in the

motion for a. new trial are : First, that the verdict of the
jury was contrary to the law.    Second, that the verdict of
the jury was contrary to and not supported by the evidence.

The facts are about as follows :    A jug of liquor had
been shipped C. O. D. from Fort Smith to appellant at
Russellville, the charges on which were a dollar and sixty
cents.    One Collyer obtained a written order from the ap--
pellant on the railroad agent for the liquor, which he pre-
sented; and upon the payment of the charges on the same
he received the liquor and carried it home with him.    Ap-
pellant testified that Collyer could not raise the money to-
pay the charges ; that he advanced it, and that it was agreed.
they should drink the liquor together.    Collyer testified that
he could not be positive, but that he did not think the ap--
pellant gave him the money to pay the charges ; that he
gave none of it to the appellant.

The court on its own motion instructed the jury as follows :
" The indictment in this cause charges that the defendant,
Mart Hunter, on the 1st day of August, 1890, in the county
of Pope and State of Arkansas, unlawfully did sell one
gallon of intoxicating liquor, when the county court of said
Pope county had not previously made an order authorizing
him, the said Mart Hunter, or any other person for him, to
make said sale.    The law of this case is that if a jug of in-
toxicating liquor was shipped from Fort Smith to the order
of Mart Hunter to be paid for on delivery of same at Rus-
sellville, the legal effect of that transaction was to pass the
title to the liquor from the seller to Mart Hunter at the time
and place the seller delivered the liquor to the common car-
rier to convey to Mart Hunter at Russellville, and the said
Mart Hunter could not sell the same at Russellville without
a license from the county court authorizing him so to do..
And if the jury find from the evidence and beyond any
doubt that Hunter gave an order to the prosecuting witness,.
Tom Collyer, after the liquor arrived at Russellville, direct-
ing the agent of the common carrier at Russellville to de--
liver the liquor to said Collyer, upon payment by him of all

charges on said jug, and said agent did so deliver the liquor to said Collyer, and it was understood at the time that said Collyer should take and appropriate the same as his own property, they will find the defendant guilty, and assess his punishment at a fine of not less than $200 and not more than $500. But if the jury believe that it was not the intention of the said Hunter that the witness Collyer should appropriate the liquor as his own property, but that he instructed the said Collyer to present the order for him and bring and deliver to him, Hunter, the whisky, the jury will find the defendant not guilty, notwithstanding the jury may believe Collyer appropriated as his own the liquor."

The appellant excepted to the giving of these instructions; but as he fails to assign the giving of them as a ground for reversal in his motion for a new trial, he is presumed to have abandoned his exceptions. At all events the instructions were proper. The title to the jug of liquor vested in the appellant, when it was delivered C. O. D. to the common carrier at Fort Smith consigned to him. *State* v. *Carl & Tobey*, 43 Ark., 353. Whether there was a sale of it by appellant was a question of fact which the jury has determined. Their verdict is not without evidence to support it.

The remarks made by the prosecuting attorney to the jury in this case, in the close of his argument, and to which the appellant excepted, seem to have been made by way of argument rather than as a statement of fact, and we do not think they constitute any ground upon which the cause should be reversed.

Judgment affirmed.