STEWARD *v.* SCOTT.

Opinion delivered January 7, 1893.

1. *Ejectment—Proof of lost deed.*

In ejectment to recover from a trespasser a tract of wild land, the evidence of plaintiffs' title was that they and their ancestor had openly claimed the land for over thirty years, had exercised various acts of ownership over it, and had paid the taxes on it; that the land was generally known as theirs, and no one had disputed their claim; that their ancestor had a deed from the original owner of the land,'but it did not appear what land the deed conveyed; that this deed had been lost, and the record of it destroyed by fire. *Held*, there was evidence to sustain a finding of the jury that the lost deed conveyed the land in question and that plaintiffs were entitled to recover the land.

2. *Instructions—When exception waived.*

Exceptions to the action of the court in giving or refusing instructions to the jury will be deemed waived where the motion for new trial does not specifically point out to which of the instructions given or refused the exceptions apply.

Appeal from Sebastain Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

*Duval & Pitchford* for appellant.

1. The proof fails to show any deed from Walker to Drennan, or any acts of ownership over the land in controversy, except paying taxes and on two occasions the cutting of timber. There is an utter failure to establish prior possession. 5 Am. St. Rep. 393; 1 S. E. Rep. 339; Washb. Real Pr. vol. 3, 149, (4th ed.).

2. The deed from Scott was inadmissible. Plaintiffs did not rely upon it in their pleadings. 24 Ark. 381; 10 S. E. Rep. 113.

3. Plaintiffs nor their ancestors had possession of the land within five years. Mansf. Dig. sec. 4476.

4. An exemplification of the record showing patent or certificate to Walker was the best evidence, if the original patent or certificate was lost. The testimony of Dickerson that the land was entered by Walker was incompetent.

5. The following instruction was misleading and without evidence to support it : "If a man exercises acts of ownership over a parcel of land under claim of title, and such acts are open and notorious, and the land is not at the time of such acts occupied or claimed by any other person as against him, and such acts are exercised in connection with a claim of title and an actual occupancy by enclosure and cultivation of an adjacent parcel, such facts constitute *seisin.*"    56 Mo. 244 ; 61 N. Y. 52.

*Sandels & Hill* and *Preston C. West* for appellees.

1. The exceptions taken are too general. The party excepting should point out clearly the errors complained of.   28 Ark. 8 ; 3 How. 515; 13 Pet. 302; 34 N. Y. 383; 35 How. Pr. 416; 50 Barb. 407; 6 N. Y. 234.

2. The numbers of the instructions are not inserted—a general exception to a series of instructions without specification will not be sustained if any of them be good.   39 Ark. 339 ; 38 *id.* 528 ; 32 *id.* 223; 28 *id.* 8 ; 3 Otto, 46 ; 2 Wall. 328 ; 11 N. Y. 416.

3. By almost every act of ownership of which land such as the tract is shown to be is capable, plaintiffs and their ancestor have asserted exclusive dominion over it. 48 Ark. 316 ; 41 *id.* 304 ; 24 *id.* 388 ; 27 *id.* 160 ; 21 *id.* 16 ; 87 Ill. 148 ; 49 Mo. 397; 11 Pet. 41 ; 2 Dana, 271 ; 10 Pet. 412 ; 3 Me. 315; 34 Iowa, 564 ; 4 *id.* 18 ; 25 Mo. 19. Where one holds prior possession, he is entitled to recover against an intruder, although his title may be defective. Mansf. Dig. sec. 2835 ; 41 Ark. 467 ; 31 *id.* 279 ; 31 *id.* 334; Tyler on Eject. p. 72.   A mere intruder cannot enter on a person actually seized and eject him and then

question his title or set up an outstanding title in another. 10 Iowa, 57 ; 14 How. 283 ; 6 Wend. 671 ; 8 So. Rep. 806 ; 4 Johns. 211.

4.  Defendant failed to establish adverse possession either in his grantor or himself, by tacking his possession to that of Howell. Such possession must be hostile in its inception and continue so uninterruptedly for the statutory period. 43 Ark. 486 ; 27 *id.* 92 ; 9 Wheat. 241 ; 1 Johns. 156 ; 48 Ill. 207 ; 12 John. 12. One entering without claim of title is presumed to hold in subservience to the legal owner. 27 Ark. 93 ; 43 *id.* 486 ; 9 Wend. 518 ; 4 Pet. 480. If the first occupant merely sell his *possession* not assuming to convey the *title*, such conveyance cannot be the basis of adverse possession. 9 Wend. 517. The acknowledgment of one, under whom a defendant claims, that he went into possession under the plaintiff is conclusive against the defendant. 9 Wheat. 241 ; 4 Johns. 230. The declarations of one in possession of lands concerning his title are evidence against him and all who claim under him. 4 Johns. 230 and note. See also 4 Johns. 211 ; 14 N. H. 101 ; 50 Ark. 217.

5.  Ejectment may be maintained upon an entry made with the register and receiver of the land office of the United States. Mansf. Dig. sec. 2628 ; 16 Ark. 13; 36 *id.* 471.

HUGHES, J. This is an appeal from a judgment in favor of appellees for the recovery of two acres of land. Appellees claim title as heirs at law of John Drennan, to whom they alleged the land in controversy was conveyed by Samuel W. Walker, who entered the same at the land office in 1838. They aver that Drennan's deed from Walker was recorded in Crawford county, where the land is situate ; that it has been lost, and that the records have been destroyed by fire ; that the certificate of

entry, if ever in Drennan's possession, has been lost; that Drennan for many years before his death claimed title to the land, owned and was in possession of it, etc. The defendant, denying all the material allegations of the complaint, pleads the statute of limitation of seven years, and also claims under a quit-claim deed made to him by Moses Harrell for the land in controversy.

The plaintiff's evidence tended to show that their ancestor, Drennan, for many years prior to his death, claimed to own this land; that since his death plaintiffs have always claimed to own it, have paid taxes on it, have twice redeemed it from forfeiture for taxes, have sometimes cut timber on it, and used it as a landing for a ferry boat; that it had been known all the while as the Drennan land; that there had been a deed from Samuel W. Walker to Drennan in Drennan's possession for some lands, but what lands were described in it the witness did not know; a witness, who said he was familiar with the lands owned by Drennan in his lifetime, testified that he knew that Drennan owned this land, but how the witness knew it he could not tell.

David Dickerson, a witness for the plaintiffs, testified that he made a copy of the original entries at the land office and found that the land was entered by Sam Walker; that he always knew that Col. Drennan claimed the land; that he had been almost continuously county surveyor of Crawford county since 1842, till about two years before giving his testimony. "The defendant objected to the testimony of this witness—his testimony as to the land being known as the Drennan land—on the ground that it was secondary, hearsay and not competent." The court over-ruled the objection, and he excepted.

Moses Harrell, the vendor of the appellant, a witness for appellees, testified in substance, that he went on the land about nine years before the time when he testified;

that he knew it was not his land; that he never laid any claim to it, and never intended to own it; that he thought he would use it till the owner told him to get off; that Hunt, who owned land adjoining, told him it was Drennan and Scott's land, and that they would not care if he made a little patch on it; that he cleared and had under fence two acres; that, in 1889, Steward, the appellant, wanted to buy his patch of land; that he told him that he did not own anything but the rails; that Steward said he would give him ten dollars for his chance; that he accepted the proposition, and, at first, objected to making Steward a quit-claim deed; told Steward that he did not own the land, but finally made him a quit-claim deed, it having been explained to him that when a man gives a quit-claim deed, it just means that he is going to pull up and leave the land. To this statement about the explanation as to what a quit-claim deed meant, defendant objected; the objection was overruled, and he excepted. The land had never been enclosed, or in actual occupancy, further than as stated.

The proof tends to show that Steward went upon the land about six years before the institution of this suit; that his occupancy was open and hostile. The defendant read in evidence his deed from Moses Harrell to the land.

On the trial, the plaintiffs, over the objection of the defendant, read in evidence a deed from J. A. Scott and wife to Drennan, the plaintiff's ancestor, for this land. It was not shown that J. A. Scott and wife had any title to the land whatever.

The appellant had adverse possession of the land himself only about six years, and, as his vendee, Harrell, did not claim the land, or expect to try to hold it, his possession was not adverse, because it was not hostile. It follows, therefore, that there was no adverse posses-

sion by the appellant and his vendee for seven years, the period required to form the statute bar.

The appellant could not add the time his vendee was in possession to his adverse holding, because adverse possession is determined by the *quo animo* it begins and continues, and must continue for the full period prescribed by the statute, and it must be hostile. *Ringo* v. *Woodruff*, 43 Ark. 486–7 ; *Byers* v. *Danley*, 27 Ark. 92.

Then all that is left the appellant is a bare, naked, possession, which, however, is sufficient against all who cannot show a superior title or better right to possession.

Is the evidence sufficient to warrant the verdict of the jury ?

Ejectment may be maintained, under our statute, upon an entry of land at the land office. Mansfield's Digest, sec. 2628 ; *Brummett* v. *Pearle*, 36 Ark. 471.

1. Sufficiency of evidence to prove lost deed.

Where a deed or certificate showing an entry of land at the land office has been lost, it is competent to prove the entry by secondary evidence. The best secondary evidence to prove the entry at the land office, the certificate of entry or deed being lost, is an exemplification of the book of entries at the land office, showing the entry. The entry in this case was proven by the testimony of Dickerson, who swore that he made a copy of the entries at the land office and found that this land had been entered by Sam'l Walker.

As we understood the record, there was no objection to this evidence, and we take it that the entry of the land by Walker was proven.

It is shown by the evidence that Drennan in his life time claimed the land, and that it was known as his ; and a witness who had been sheriff of the county in Drennan's life time, and had an execution at one time against him, and who said in his evidence that he was familiar with Drennan's lands, testified that he knew

that Drennan owned this land, but could not tell how he knew it. It was shown that Drennan in his life time had a deed from Sam'l Walker to lands, that had been recorded in the county, where the land in controversy lies ; that the records were destroyed by fire ; that some deeds of Drennan's were sent to attorneys at Fort Smith, and that the witness thought the deed from Walker to Drennan was amongst them; that no deed from Walker to Drennan could now be produced ; that the witnesses did not remember the description of the land in the deed from Walker to Drennan.

It appeared that Drennan and his heirs had claimed to own this land for over thirty years before the institution of this suit, and it was not shown that in the meantime any one had disputed their claim, which was open and generally known, until the appellant claimed the land under his quit-claim deed from Harrell, who never claimed it.

These are the circumstances, proven in evidence, to show that a deed had been made by Walker, who entered the land, conveying it to John Drennan in his life time.

Under the peculiar circumstances of the case, we think the facts and circumstances proven were competent evidence, and if they showed to the satisfaction of the jury that the appellees were the owners of the land and entitled to possession, we cannot say there was no evidence to support the verdict.

The motion for a new trial states that "the court erred in giving instructions numbered from —— to ——," and "in refusing to give instructions numbered —— respectively, asked for by the defendant," and "in modifying instructions numbered ——." It does not state to which of the instructions the exceptions apply.

2. As to saving exceptions to instructions.

All previous exceptions not incorporated in a motion for a new trial are abandoned. If the party taking the exceptions in the circuit court wishes to insist upon them

in the Supreme Court, he must point them out specific-
ally in his motion for a new trial. This has always been
the rule in this court.

Finding no substantial error, the judgment of the
circuit court is affirmed.