NORMAN v. FIFE.

Opinion delivered June 22, 1895.

JURISDICTION—APPEAL FROM JUSTICE.—The circuit court cannot, upon appeal from a justice of the peace, render judgment for an amount exceeding the jurisdiction of the justice.

DISSOLUTION OF ATTACHMENT—FORM OF JUDGMENT.—Where attached property has been sold under a lawful order of court, and the attachment is afterwards dissolved, the court should not order the property returned, but should assess damages sufficient to cover the value of the property at the time it was seized, with interest thereon to the day of trial.

WRONGFUL ATTACHMENT—MEASURE OF DAMAGES for the taking and selling of property under attachment wrongfully issued is the value of such property at the time of its seizure, with interest at the legal rate to the day of trial. From this amount there should be deducted any portion of the proceeds of the attached property which had been returned to the owner, and also the amount adjudged in favor of plaintiff; and if the damages assessed are greater than the judgment rendered in favor of plaintiff, a judgment for the residue should be rendered in favor of defendant.

APPEAL—MOTION FOR NEW TRIAL IS UNNECESSARY where error is apparent from the face of the record.

Appeal from Union Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

STATEMENT BY THE COURT.

This was an action brought before a justice of the peace by John Norman against Samuel L. Fife. An attachment was issued and levied upon certain personal property belonging to Fife. The justice gave judgment against Fife for $121.45, the amount claimed by Norman, and sustained the attachment. The property attached was sold under order of the court. In the meantime, Fife had taken an appeal to the circuit court. In that court judgment was again rendered against Fife for $121.45, for the debt due Norman, but the court

3

found that the evidence was not sufficient to sustain the attachment, and the same was dismissed. The court assessed the damages in the attachment at $40, and also gave judgment against John Norman and James Norman, his surety on the attachment bond, for the return of the attached property or its value $311.25. An appeal was taken by Norman.

*Jesse B. Moore* for appellants.

1. The court erred in its judgment. Norman and his surety stipulated to pay damages *only*, and it was error to render a judgment for the property or its value. Sand. & H. Dig., sec. 328; *Ib.* secs. 343, 371 ; 38 Ark. 528 ; 44 *id.* 202. In *Atkins* v. *Swope*, 38 Ark. 528, there never had been a sale of the property ; but in this case the property had been sold, and was no longer *in custodia legis*, and the power of the court to deal with it had ceased. Sand. & H. Dig. sec. 1068.

2. The judgment is beyond the jurisdiction of the justice, and is void.

*H. P. Smead* and *B. W. Johnson* for appellee.

1. The court had the power to compel the return of the property on account of its value. 37 Ark. 537.

2. No motion for a new trial was filed in this case.

RIDDICK, J., (after stating the facts.) The only question here relates to the validity of the judgment rendered by the circuit court upon the attacnment bond. The court gave judgment not only for forty dollars damages, but also for the return of the property or its value—$311.25. This amount exceeded the jurisdiction of the justice of the peace. In *Whitesides* v. *Kershaw*, 44 Ark. 377, it was said that on appeal the jurisdiction is derived from and dependent upon the appeal ; and the circuit court can render no judgment that the justice could not have rendered. The judgment of the circuit

<div style="margin-left:2em; font-size:smaller">Jurisdiction on appeal from a justice.</div>

court for $311.25 was beyond the jurisdiction of the justice, and therefore void.

Neither was it proper for the court to render judgment for damages, and also for a return of the property or its value. Where the attached property has been sold under a lawful order of the court, and the attachment is afterwards dissolved, the court should not order it returned, but should assess damages sufficient to cover the value of the property at the time it was seized, and interest thereon to the day of trial.

<span style="float:right">Form of judgment on dissolution of attachment.</span>

When property is taken and sold under an attachment wrongfully issued, the measure of damages is the value of the property at the time it was seized under the writ, with interest at six per cent. to the date of the trial. Sutherland on Dam. sec. 512; *Porter* v. *Knight*, 63 Iowa, 365; *Blass* v. *Lee*, 55 Ark. 329; *Trentman* v. *Wiley*, 85 Ind. 33. From the amount of damages thus awarded, there should in this case be deducted any portion of the proceeds of the attached property that have been returned to the owner, and also the amount adjudged in favor of plaintiff, if the damages assessed are greater than the judgment in favor of plaintiff, and a judgment rendered in favor of defendant for the balance.

<span style="float:right">Measure of damages for wrongful attachment.</span>

As the error in this case is apparent from the face of the record, no motion for a new trial was necessary. *Smith* v. *Hollis*, 46 Ark. 21; *Steck* v. *Mahar*, 26 Ark. 536; *Ward* v. *Carlton*, 26 Ark. 662.

<span style="float:right">Necessity of motion for new trial.</span>

The judgment of the circuit court is reversed, and the cause remanded, with an order to assess the damages in the attachment proceeding in accordance with the rules above set forth.

If the damages claimed by defendant on account of the issuance of the attachment exceed the sum of three hundred dollars, his remedy will be by an original suit on the attachment bond in the circuit court.