## WEBB *v.* KELSEY.

Opinion delivered February 11, 1899.

1. APPEAL—WHEN BILL OF EXCEPTIONS UNNECESSARY.—Where the court's finding of facts and judgment contains a certain and definite statement of the point raised by an exception, and of the grounds upon which the court sustained the same, a bill of exceptions is unnecessary. (Page 181.)

2. JUDICIAL NOTICE—OFFICERS.—A decree of confirmation of a tax title, under Mansf. Dig. § 578, is not defective for failure of the county clerk to certify that the justice of the peace before whom proof of publication of the notice of confirmation was made was a justice of the peace in the county in which the newspaper was published, if that fact was known to the trial court by virtue of its judicial knowledge of the official character of the officers within its territorial jurisdiction. (Page 182.)

Appeal from Miller Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

*H. A. & J. R. Parker*, for appellant.

Confirmation cures all errors in the original tax deed. 55 Ark. 470; 62 Ark. 421. A defective affidavit is good on collateral attack. 21 Ark. 364.

*Geo. C. Lewis, W. H. Halliburton* and *P. C. Dooley,* for appellees.

The notice of the pendency of confirmation proceedings was jurisdictional, and the statute must be strictly followed. 55 Ark. 33; 34 Ark. 399; *ib.* 221; 51 Ark. 39; 18 Wall. 350. Sec.ion 528, Mansf. Dig. governs this case. 25 Ark. 265; 66 Am. Dec. 209; 61 *ib.* 171, 172 and notes. The transcript should show that the record contains *all* the evidence. 42 Ark. 30; 44 *id.* 74; 54 *id.* 159; 38 Ark. 102; 42 *id.* 30. Motion for new trial and overruling of same are essential. 27 Ark. 37, 506, 549; 37 Ark. 544; 43 *id.* 391; 44 *id.* 411; 55 *id.* 376; Sand. & H. Dig. § 1061. No appeal lies from an order sustaining an exception to a document. 36 Ark. 200; 26 *id.* 51, 468; 30 *id.* 665.

BUNN, C. J. This is a suit by appellant, Webb, against appellees, in ejectment for land situated in Arkansas county. The complaint shows plaintiff acquired title originally by purchase at tax sale and deed, in 1861, and confirmation of said sale by the chancery court of said county at its March term, 1889; and the defendants answered, claiming title under David Shall and E. Cummins, purchasers from the state, and through mesne conveyances from them. On motion of defendants, plaintiff filed his muniments of title, to-wit, his said tax deed, and the proceedings and decree confirming the sale under which it was made; and they then filed sundry exceptions to the same, all of which were overruled by the court, except their third exception to the said decree of confirmation, which was sustained; and, on plaintiff's failure and refusal to amend or supply defects suggested in said exception, the complaint was dismissed, and plaintiff appealed; and, the other exceptions of defendants being overruled, they noted exceptions, and appealed.

The first contention of appellees before us is that there is no bill of exceptions in the record bringing up the evidence, and thereby showing the grounds upon which the court held that the said third exception was well taken. On the other hand, the appellant contends that there is no necessity for a bill of exceptions in this case, because, he says, the point raised by the

said exhibit to his complaint and the said exception thereto is fully and definitely set out in the findings and judgment of the court, and also in said exhibit and the exception thereto; and this contention is sustained by the record, the following being the finding of facts and judgment in relation thereto: "And the defendants, to sustain his (their) exceptions, introduce the complaint and notice, and proof of publication of the notice, filed in the chancery court of Arkansas county, Ark., on the 14th of March, 1899, styled 'J. P. Webb, *Ex parte,* confirmation of tax title and    *   *   *   argument of counsel. It is ordered, considered and adjudged that exception No. 3 to the decree of confirmation is sustained, because there is no certificate of magistracy by the county clerk under his seal, as required by the statute (section 578,' Mansfield's Digest), to the official character of F. M. Quertermous, the person who administered the oath to J. P. Poynter, the publisher."' This certainly is a certain and definite statement of the point raised by the exception, and of the grounds upon which the court sustained the same, and also that the absence of the certificate of official character furnished this ground. A bill of exceptions could serve no other purpose or end than the record of the findings and judgment of the court, and was therefore unnecessary, and a motion for a new trial was also unnecessary. *Ward* v. *Carlton,* 26 Ark. 662; *Steck* v. *Mahar,* 26 Ark. 536; *Badgett* v. *Jordan,* 32 Ark. 154; *Union Co.* v. *Smith,* 34 Ark. 684; *Clark* v. *Hare,* 39 Ark. 258; *Williams* v. *State,* 47 Ark. 230; *Norman* v. *Fife,* 61 Ark. 33.

The issues made by the various other exceptions of the defendants to the muniments of title of the plaintiff, and upon which defendants appealed, have been abandoned by them, except the issue raised by the said third exception to the confirmation decree, and more particularly as to the proof of publication of the notice of the pendency of the proceedings therein, and this presents the only other question for our consideration.

We held in *Porter* v. *Dooley, ante,* p. 1, that the requirements of section 578, Mansfield's Digest, as to the proof of publication therein referred to does not exclude any other evidence or proof of the facts therein required to be established. When the proof of publication in the confirmation proceedings involved in

this case was under consideration by the chancellor, he could have taken any other proof of the official character of the justice of the peace than the county clerk's certificate, or satisfied himself in any legitimate way that Quertermous was in fact a justice of the peace.  Nothing of this kind was really necessary, for courts must take judicial notice of who are justices of the peace within their territorial jurisdiction, and also of their official character; and this rule, it seems, applies to every public commissioned officer of the state, and seems to be a very general rule in the other states.  *Shrophire* v. *State*, 12 Ark. 190; *Hempstead* v. *Auditor*, 16 Ark. 57, 62; *Kaufman* v. *Stone*, 25 Ark. 336; *Ede* v. *Johnson*, 15 Cal. 53; *Coleman* v. *State*, 63 Ala. 93; *Sandlin* v. *Anderson*, 76 Ala. 405; *Graham* v. *Anderson*, 92 Am. Dec. 89.  The exception should not have been sustained.

This court does not deem it necessary to rule upon the question whether or not the "legal notice" act of 1875, and acts amendatory thereof, repealed and took the place of the act we have been considering, digested as section 578, Mansfield's Digest; but, were that the fact, the publication and the proof of publication called in question in this action was in exact conformity with the general act of 1875, as it stood in 1889, when the publication was made; and so it would not be assailable under that act, and is in substantial conformity with both, for the "publisher" then was one who could make the proof, although it is not so now.  Mansfield's Digest, § 4359.

Reversed, and remanded for a new trial and proceedings in accordance with this opinion.