LITTLE vs ATCHISON, TOPEKA & SANTA FE RAILWAY CO.

Opinion Delivered October 25, 1899.

*1.  Execution—Quashing—Appeal—Final Judgment.*

An order sustaining a motion to quash an execution is such a final judgment as will support an appeal.

*2.  Record—Error—Motion for a New Trial Unnecessary.*

Error of law which appears on the record, without the aid of a bill of exceptions is reviewable without making a motion for a new trial.

*3.  Bill of Exceptions—Insufficient.*

The bill of exceptions in this case is insufficient of itself to present any error in the questions passed upon by the court below.

*4.  Review—When Bill of Exceptions Unnecessary.*

When a motion for a new trial is unnecessary a bill of exceptions is not required to secure a review of the error complained of.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Little & Smith against the Atchison, Topeka & Santa Fe Railway Company and others. There was an order quashing execution on a judgment obtained by plaintiffs, and they appeal. Motion to dismiss appeal denied.

Prior to June 1, 1894, the plaintiffs below, appellants here, Little & Smith, of Lexington, Okl. T., contracted with and bought of Morton Wollman, of Kansas City, Mo., $100 worth of binding twine, to be as good twine as the best in the market; to be, and was, shipped to Purcell, Ind. T., for said Little & Smith, shippers' order. Sight draft with bill

of lading attached for $100, drawn on Little & Smith, for payment of said twine, was sent to Purcell National Bank, Purcell, Ind. T.   Said twine arrived at Purcell station before the draft with bill of lading was received for collection at said bank, and upon its arrival at the said station the agent of the appellees notified Little & Smith thereof, who thereupon accepted and received the said twine, agreeing to and with the said agent to pay the said draft, whether the twine was up to contract quality or not; wheat harvest being on, and the appellants' customers anxious and waiting for the twine. Said twine was rotten, and unfit for binding anything, and all of it that was sold by appellants was returned to them as utterly useless for the purpose for which it had been bought. Appellants immediately notified Wollman of this fact; that the twine was subject to his order; that it was not at all up to the contract; that it was worthless, and that they could not use it.   These facts were given in evidence on the 18th day of October, 1894, and not contradicted, in suit wherein Little & Smith were plaintiffs and Morton Wollman was defendant.   The said draft was paid by appellants at the Purcell National Bank, at Purcell, Ind. T., where, by its terms and the terms of the contract of purchase, it was to be and was payable.   This was the sole and only obligation of payment binding the appellants, or entered into by them in the premises.   Suit against said Wollman for damages on account of the worthless and rotten twine was brought for $100.   The money, the proceeds of the aforesaid draft, was duly garnished, warning order duly published, and the subsequent proceedings before the United States commissioner at Purcell were in due form of law, as appears in the transcript.   On the 4th day of March, 1897, the appellees filed their motion to quash the execution issued out of the commissioner's court in this cause while pending therein, and on the 8th day of May, 1897, said motion was sustained, and the xecution recalled and quashed.   From the judgement of the

commissioner quashing the execution an appeal was prosecuted to the United States court in the Indian Territory, Southern district, at Purcell, and on the 26th day of November, 1898, the motion to quash was heard by the United States court for the Southern district at Purcell, and on said date an order was made quashing the execution. On the 3d day of December, 1898, an appeal was allowed to this court. On the 17th day of February, 1899, the trial judge signed a paper purporting to be a bill of exceptions in this cause, and the same was filed with the clerk on February 22, 1899. On February 27, 1899, a partial transcript of the proceedings in the cause was lodged with the clerk of this court. No motion for a new trial was ever filed, or presented to the court below, or made a part of the record in this cause. On June 2, 1899, appellees filed with the clerk of this court a motion to dismiss the appeal herein, and have had the same printed as an appendix to their brief.

*George M. Miller*, for appellants.

*H. E. Asp*, for appellees.

SPRINGER, C. J. The only question submitted to the court in this case at this time is the motion of appellees to dismiss the appeal. That motion is submitted upon the following grounds: First, because the order quashing the execution herein is not such a final judgment as will support an appeal to this court; second, because no motion for a new trial was filed presenting the alleged errors complained of to the trial court; third, because the bill of exceptions presented by appellants is wholly insufficient to raise any question passed upon by the court below. These grounds will be considered in their order.

The first is that the order quashing the execution herein is not such a final judgment as will support an appeal

to this court. Under the laws in force in this jurisdiction a judgment is "a final determination of the rights of the parties in an action." Unless statutes otherwise provide, questions arising in legal proceedings cannot be reviewed in an appellate court, either on appeal or by exception, until a final decision in the case has been rendered below. 2 Enc. Pl. & Prac. p. 52. This doctrine is maintained in nearly all of the states in the Union, in the United States courts, and in Canada. A final judgment is one which leaves nothing to be judicially determined between the parties in the trial 'court. It must finally conclude all the necessary parties on the merits, and finally dispose of the subject-matter of the controversy. 2 Enc. Pl. & Prac. pp. 53, 54, and numerous authorities cited therein. The right of appeal is not confined to judgments upon which an execution may be issued. It extends to any final determination of an action, whether by order of the court or a technical judgment. So an appeal will lie from an order quashing a writ of capias ad respondendum. Cole vs Peniwell, 5 Blackf. 175. No technical form is required to constitute a final appealable judgment or decree. Heegard vs Trust Co. (S. D. 1893) 54 N. W. 656; Koons vs Williamson, 90 Ind. 599. The motion to quash the execution in the case at bar was based on the invalidity of the judgment of the commissioner's court, the United States court having held that the commissioner's court had no jurisdiction in the premises. The motion to quash this execution in the United States court having been sustained, the rights of the plaintiffs in execution were concluded, and there was nothing further required to determine the issues in the case. It was, therefore, such a final judgment as will support an appeal to this court.

The second ground for dismissing the appeal is: "That no motion for a new trial was filed presenting the alleged errors complained of to the trial court." It is a well-known rule of appellate courts that errors of the trial

court occurring during the trial will not be reviewed unless such errors have been called to the attention of the trial court, and an opportunity given to correct them. It is necessary, therefore, to present such error to the court by a motion for a new trial, and to secure a ruling on the motion. In some jurisdictions, to entitle a party to a review of error occurring at the trial, it is also necessary to call the attention of the court to the error in a motion for new trial by assigning such error as a ground for new trial. This is the rule in Arkansas, as will appear from the decisions of the supreme court of that state in the cases of Merriweather vs Erwin, 27 Ark. 37; Steck vs Mahar, 26 Ark. 536; Hunter vs State, 55 Ark. 357, 18 S. W. 374; Steward vs Scott, 57 Ark. 153, 20 S. W. 1088; Daniel vs Guy, 19 Ark. 121. A motion for a new trial is not necessary, however, to secure the review of errors of law which appear in the record without the aid of a bill of exceptions. 14 Enc. Pl. & Prac. p. 851, and the following cases decided by the supreme court of Arkansas: Union Co. vs Smith, 34 Ark. 684; Steck vs Mahar, 26 Ark. 536; Ward vs Carlton, Id. 662; Worthington vs Welch, 27 Ark. 464; Hanf vs Ford, 37 Ark. 544; Clark vs Hare, 39 Ark. 258; Norman vs Fife, 61 Ark. 33, 31 S. W. 740; Smith vs Hollis, 46 Ark. 17. The record in this case presents the answer of appellees, and also their motion in the trial court to recall or quash the execution in favor of plaintiffs for the reasons stated therein. Those were: First, because the execution was issued contrary to law, and no valid judgment was ever obtained against the defendants; and, second, because the pretended judgment was entered by the court without authority, or without any evidence before the court to justify the authorizing or rendition of said judgment; and, third, because the pretended judgment which the plaintiffs in the action alleged that they had recovered was null and void, stating in the motion the grounds upon which the same was so held. The record further discloses that

this motion came on for hearing, and "the court, being well and sufficiently advised in the premises, doth in all things sustain said motion, to which action of the court plaintiffs then and there in open court duly excepted." It was from this order quashing the execution that appellants took their appeal to this court. There was no evidence taken, or documents submitted, other than those which appear in the record. The alleged errors were those of law only, which appear in the record without the aid of a bill of exceptions, and under the authorities quoted it was not necessary that a motion for a new trial should be made to secure the review of such errors.

*Review. Motion for new trial. When not necessary*

The third ground for dismissing the appeal is: "That the bill of exceptions which appears in the record is wholly insufficient to raise any question passed upon by the court below." The bill of exceptions which was signed by the court in this case is as follows: "Be it remembered that on the 26th day of November, 1898, this cause came on to be heard before the Honorable Hosea Townsend, judge of above-named court, on the motion of the above-named defendants to recall and quash the execution. There being no evidence introduced by either party, the court sustained the said motion, and rendered judgment for the said defendants, to which judgment of the court the plaintiffs at the time in open court duly excepted, and still except. And now come the plaintiffs on this 17th day of February, 1899, and, within the time allowed by the court for filing this bill of exceptions, present and make tender hereof, and pray that the same be allowed, signed, and made a part of the record of this case, which is accordingly done. Hosea Townsend, Judge of the United States court in the Southern District." It is true that this alleged bill of exceptions is wholly insufficient of itself to raise any question passed upon by the court below. But was any bill of exceptions necessary? In the case of Severs vs Trust Co., 1 Ind. Ter. 1 this court held

*Bill of exceptions. Insufficient.*

that, if error is exhibited on the face of the record proper, it may be corrected in a court of error, unless there are statutes changing the common-law rule without the necessity of a bill of exceptions. The alleged error of the court in quashing the execution appears in the record, and, where a motion for a new trial is not necessary, a bill of exceptions is not required. The motion of the appellees to dismiss the appeal in this case is overruled. By order of court heretofore entered the appellees will have 30 days in which to file a brief on the merits, and, when filed, the case will be considered as submitted. Motion to dismiss appeal is overruled.

*Review. Bill of exceptions. When not necessary.*

CLAYTON and THOMAS, JJ., concur.