WARD v. CARLTON ET AL.

ATTACHMENTS—*Truth of affidavit may be questioned*—Under the act of March
    7, 1867, the defendant, in attachment, may show at any time before
    judgment, that the original affidavit is not true, and when this fact is
    established, the cumulative remedy of attachment falls to the ground,
    and the cost of seeking it belongs to the plaintiff.

BILLS OF EXCEPTIONS, ETC—*When not necessary.*—Where all the rulings,
    complained of, appear of record, as fully as though a bill of exceptions
    had been taken, neither a bill of exceptions nor a motion for a new trial
    is necessary.

*Appeal from Chicot Circuit Court.*

HON. HENRY B. MORSE, Circuit Judge.

*Garland & Nash,* for appellant.

The point involved here is apparent on the record, and no
bill of exceptions is needed to put it there.   *5 Ark., 700; 25
Ib. 503; 2 Bush. (Ky.) 580.*

We submit that the defendant, after giving bond to dissolve
the attachment, was estopped from pleading against the affi-
davit.   He could only plead matters that went to the merits
of the case and not preliminary matters or matters in abate-
ment.   *Didier v. Galloway, 3 Ark. 501; Delano v. Kennedy, 5
Ib. 457; Shields v. Barden, 6 Ib. 459; Heard & Co., v. Lawry, 5
Ib. 522;* see particularly, a case in point, *Morrison v. Alphin,
23 Ark. 136.*

*Bell & Carlton,* for appellees.

There was no bill of exceptions, *and no motion for a new trial*
in the court below, upon any ruling, judgment or order in the
attachment suit, and such being the case, error, if any, will
not be considered here.   *Code, sec. 886.*

The defendant, before the Code of Practice, could appear and

defend the attachment, after giving bond. See *Childress v.* *Fowler*, *4 Eng. 159.* The bond, by the defendant, in this case, was given before the Code went into effect.

The provisions of the Code, 234 and 242, authorize the giving of a bond by the defendant or party in possession, to hold attached property, and dissolve attachments. · We submit that these provisions do not destroy defendant's right to defend the attachment.

McCLURE, C. J.

This was a suit by attachment, commenced by Robert J. Ward, against Isaac H. Hilliard, on the 25th of November, 1867, who, pending the suit died, and the same was revived in the name of Carlton, the administrator. . The sheriff executed the writ of attachment by seizing certain property; but failed to have the same appraised, as required by the act of March 7, 1867, regulating attachments.

The defendant, on the 14th of December, 1867, executed a bond, which was approved by the court, in double the amount of the plaintiff's claim, whereupon, the record says, the attachment was " *dissolved.*"

On the 21st of October, 1869, the appellee moved the court to quash the return of the sheriff on the ground that at the time the attachment was levied, no appraisement of the property seized was made, as the statute directs. Upon the hearing of this motion the court ordered "that the sheriff's return, on said writ of attachment, be, and the same is hereby quashed, and said attachment dissolved, and that this suit proceed as at law."

On the day last mentioned, the defendant, by a sworn plea, as provided by the eleventh section of the act of March, 1867, put in issue the truth of the affidavit for attachment, and moved the court for a dissolution of the attachment. The plaintiff, instead of adducing other evidence in support of his affidavit, as was his privilege under the act of March 7th, 1867,

demurred, in short, upon the record, to the plea filed by the defendant. The court overruled the demurrer; dissolved the attachment, and ordered a writ of inquiry to assess the damages of the defendant, by reason of the wrongful suing out of the attachment. The plaintiff electing to stand on his demurrer, excepted to the ruling of the court and appealed.

The appellant says the question involved and presented by this appeal is, "Could the defendant below, *after* giving bond to dissolve the attachment, appear and plead against the affidavit on which the attachment issued?" The appellee urges that the record fails to show a bill of exceptions; that no motion was made for a new trial; that there is no final judgment to appeal from, and that the record presents no question to this court for solution.

The act of March 7, 1867, gave to the defendant the right to put in issue the truth of the affidavit on which the attachment issued. This, the law declares, "shall have the effect to dissolve such attachment, unless the affidavit of the plaintiff shall be supported by other sufficient evidence; and when any attachment is dissolved, on the trial of any such issue, the plaintiff shall pay all costs of such attachment up to that time." The plaintiff, as has been stated, made no attempt to support his affidavit by other proof, but filed a demurrer to the plea. This demurrer admits the plea of the defendant, and the plaintiff urges on the court that the giving of the bond precludes all inquiry into the truthfulness of the affidavit.

If it be admitted that the defendant, after giving bond, cannot question the truthfulness of the original affidavit, the result is that the plaintiff, by his perjury, is allowed to hold the principal and his sureties for the amount of his judgment; for the condition of the bond under the act of March 7, 1867, is, "that he will pay and abide the judgment of the court; and if judgment be rendered against the principal, it shall also be against the securities on his bond, jointly with him, at the same time." Attachment is a cumulative remedy for the collection of debt, and its object is to save to the creditor the

assets of the debtor, to the end that the same shall not be disposed of as will allow the debtor to reap the fruit of his own ingenuity, and place his effects beyond the reach of an execution. When the defendant bonds the property, the plaintiff looks not to the *property attached*, but to the *bond*, for a satisfaction of any judgment he may obtain. The object of the eleventh section, of the act of March, 1867, was to allow the fact to be determined whether the plaintiff was entitled to the cumulative remedy of attachment for the purpose of securing his debt. Before the enactment of this law, the allegations of the affidavit could not be put in issue. The individual who did not hesitate to falsify the truth, under the provisions of the old law, was furnished with a more efficient remedy for the collection of his debt than the man who was not willing to perjure himself. To obviate a discrimination of this kind, the act of March 7, 1867, was passed, and the debtor allowed to show that, though poor, he was not fraudulently conveying his property for the purpose of hindering and delaying the payment of his debts, or doing any other disreputable act. The exigencies of the debtor are very often of such a character that it would be ruinous to him to be deprived of the use of his personal property. Take, for instance, the planter at that period when the crop is being put into the ground; his property is attached by an unscrupulous creditor who knows that his debtor must bond the property or suffer ruin, (as the time for planting will have passed before a court meets to hear his cause), and now, because he does bond his property and attempt to save himself from ruin, the plaintiff sets up that this act of itself precludes the defendant from questioning the truth of the affidavit. If this theory be correct, the debtor is as much at the mercy of an unscrupulous creditor, since the passage of the act of March 7, 1867, as he was before its enactment. We think the object of the law was to remedy just such hardships, and we shall not indulge in a construction which would establish all the rigor of the old law. In our opinion, the defendant may show at any time, before judgment, that the

original affidavit is not true; and when this fact is established, the cumulative remedy of attachment falls to the ground, and the cost of seeking it belongs not to the defendant but to the plaintiff.

The view we have taken of this case renders it unnecessary for us to treat at length of the questions raised by the defendants. The question presented is not one of *evidence*, but of *law*. All the rulings complained of appear as fully as though a bill of exceptions had been taken; in short a bill of exceptions could not present a single point that does not appear of record. Where such is the case, a bill of exceptions is not necessary; nor is it necessary to make a motion for a new trial. The object of this suit was *to collect the amount due from Hilliard to Ward*, and not to ascertain whether the truth of the affidavit could be put in issue *after the defendant in attachment had given bond*. There is no final judgment between the parties upon the instrument on which the suit is founded. Whether Hilliard owes Ward anything is still at issue in the court below, and this question must be settled in favor of one or the other before there is a "final judgment" to appeal from, as none but *final judgments* can be heard in this court on appeal.

The appeal is dismissed, and the cause remanded.