**LAMBERT v. KILLIAN & PREWITT.**

APPEALS—*When objections not considered.*—This court will not consider objections or errors in a record where there was no motion for a new trial in the court below.

APPEAL FROM ASHLEY CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*G. W. Murphy and Farr & Fletcher*, for Appellant.
*J. W. Van Gilder*, for Appellees.

GREGG J.—The appellees brought replevin before a justice of the peace for eight bales of cotton. Their claim to the cotton was founded upon three several mortgages executed, by laborers, to secure the payment of supplies furnished them while cultivating appellant's lands. The laborers were to have one-half the cotton grown upon the lands and the appellant the other; and the supplies were to be paid for out of the laborers' cotton. The appellant furnished supplies until in May; the appellees furnished them the remainder of the year, and took the mortgages above referred to on the laborers' share in the crop. Sixteen bales of cotton were produced and ginned and baled, appellant furnishing the bagging and rope. No division had been made and the cotton was all in the possession of Lambert, and the laborers had demanded half of it from him. The cotton was alleged to be worth $480.

Upon the proof of the above facts and the value of the cotton, each party asked the court to instruct the law to the effect, that upon the facts each had a right to recover against the other. The court gave the appellees' instructions, and refused those of appellant. To all of which he excepted, and tendered his bill of exceptions containing *all the evidence* and *instructions* given and refused, and *his exceptions thereto.*

The jury returned a verdict for the eight bales of cotton, or $805$\frac{80}{100}$ as its value. Without moving for a new trial,

Lambert appealed to this court, and here insists that the Circuit Court erred in taking jurisdiction of the case and in giving and refusing instructions.

In the case of *Steck vs. Mahar*, 26 *Ark.*, 536; *Merriweather vs. Erwin, and Worthington vs. Welch*, I dissented from the opinion of the court, wherein the majority held that exceptions, such as are taken in this case, could not be considered for want of a motion for a new trial. Under that ruling the errors in this record cannot be considered, because the party aggrieved did not move the court below to correct such errors. The only additional question in this case is, that the record shows that the jury found the sum in controversy to be above the jurisdiction of a justice of the peace. No exception was taken to this in either of the courts below, and the plaintiff there alleged the value of the cotton at only $480, a sum within the jurisdiction, and that averment was in no way put in issue or controverted by the defendant. And if the jury returned a verdict for more than was claimed, it should have been set aside or the judgment arrested; but no motion was made, and the case, in this particular, also falls within the rule above referred to, which, as indicated, without my concurrence, has become *stare decises*.

The judgment of the court below is affirmed.