FARQUHARSON VS. JOHNSON.

1. MOTION FOR NEW TRIAL: *Must be incorporated in bill of exceptions.*
Unless a motion for new trial be incorporated in the bill of exceptions, or referred to in it as made part of the record, it is no part of the record, though filed and copied in the transcript; and there is no question before the supreme court as to anything occurring at the trial.

APPEAL from *Garland* Circuit court.
Hon. J. M. SMITH, Circuit Judge.
*Murphy*, for appellant.
*Dooley, contra.*

HARRISON, J.    The complaint in this case alleged that, by an agreement, in writing, signed by both parties, the plaintiff, Henry C. Farquharson, sold the defendant, Cyrus Johnson, a half interest, and admitted him as a partner in his, the plaintiff's butchering and meat market business in Hot Springs, which he carried on under the style of the St. Louis Meat Market, in consideration of the sum of $2,500, which the defendant agreed and promised to pay therefor, immediately, or on demand; and the defendant, as such partner, engaged with the plaintiff in said business and participated with him in the profits.

That the defendant had only paid $690.56, and that the

sum of $1,809.44 remained due and unpaid, which the plaintiff had demanded of the defendant, and he had refused to pay, for which judgment was prayed.

The defendant, in his answer, admitted the purchase of the half-interest in the business, and that he was to become a partner in it, but the agreement, he said, was not as stated in the complaint; that the $2,500 was not to be paid to the plaintiff, but to be put into the business, and the plaintiff was also to put into it, in stock and money, a like sum. He said further that he was induced to purchase said interest by the representations of the plaintiff that he had, in stock and money, $2,500 to put in, and that the business was worth $10,000 a year, which representations were false, as he afterwards found out; and the few articles pertaining to the business, owned by the plaintiff, were, but which he did not then know, mortgaged for about their full value.

That the plaintiff had refused to put in any money. That he, the defendant, had already, as stated in the complaint, paid in $690.56, but after the plaintiff's refusal, and he had learned that his representations were false, he declined to put any more money in the concern. That the plaintiff was in the exclusive possession and control of the business, and refused to recognize him as a partner or as having any interest in it, and had even threatened him with violence should he go upon the premises, and that the partnership was dissolved; and he denied that he had ever had any control in the business, or received any part of the profits. He made his answer a counter-claim and prayed judgment against the plaintiff for the money which he had paid or put in.

No replication was filed to the answer.

---

The court, sitting as a jury, found for the defendant $604.60.

The plaintiff appealed.

We 'find in the transcript a record entry that a motion for a new trial was filed by the plaintiff, and another that the same was overruled, and such a motion is copied in the transcript. A bill of exceptions taken by the plaintiff states, also, that the plaintiff filed a motion for a new trial; that it was overruled and that he excepted; but it does not set out the motion, nor does it designate, in any manner, the one appearing in the transcript as that to which it refers.

NEW TRIAL: Motion must be in bill of exceptions. A motion for a new trial is no part of the record unless it is incorporated in the bill of exceptions,.or referred to in it as made part of the record. *White v. Prigmore, 28 Ark., 450; Nisbett v: Brown & Norton, 30 Ark., 585.* There is therefore no question as to anything occurring upon the trial before us, and we can only look to see if the defendant's counter-claim states such facts as constitute a cause of action; which we think it clearly does.

The judgment is affirmed.