### LEWIS M. GREEN v. HARRY LOUDENSLAGER ET AL.

**1.** Where an application under the Road act is in effect an alteration of a highway, by vacating a part and retaining a part, the matter should be presented to the Court of Common Pleas in a single application.

**2.** When the return to such an application shows that the surveyors have narrowed the street of any of the villages of this state the return will be annulled under section 79 of the Road act.

On *certiorari.*

Argued at the February Term, 1892, before Justices DIXON, REED and GARRISON.

For the prosecutor, *John J. Crandall.*

For the defendants, *Robert S. Clymer.*

The opinion of the court was delivered by

GARRISON, J. The return to this writ of *certiorari* brings up the record of the Court of Common Pleas of the county of Gloucester in two separate proceedings under the Road act, one taken to vacate a public road and the other to lay a public road in said county. The proofs taken under this writ show that the proceeding to vacate and the proceeding to lay have reference to the same highway, and from the map exhibited in the cause it is apparent that what has been sought and accomplished is to vacate a four-rod road and to re-lay a three-rod road upon three-quarters of the old road so vacated. In other words, the effect of the two proceedings is to narrow the road by abandoning its northerly fourth to the defendants, who are the abutting land owners and the instigators of these proceedings below.

At the threshold it should be said that the two steps of this proceeding should have been blended into one application, so that the scheme, as a whole, might be before the Court of Common Pleas and be spread before this court by a single return. The proceeding is statutory, and, by section 1 of the Road act, is authorized in any of three cases, viz., " where ten or more persons, being freeholders, shall think a public road necessary, or any public road which hath been or shall be laid out unnecessary, or any alteration in such road necessary." From this language it is evident that the alteration of a public road was intended to be a distinct exercise of discretion, as much so as the laying out or vacation, and as something different from either or both of them. Where, therefore, an application under

the Road act is in effect an alteration of a highway, by vacating a part and retaining a part, the matter should be presented to the Court of Common Pleas in a single application. Such a course not only follows the language and policy of the act, but is necessary to prevent embarrassments such as are pointed out. in the case of *The State* v. *Bergen*, 1 *Zab.* 342.

The two returns before us must, therefore, be regarded, not separately, but with reference to their conjoined purpose and effect, namely, to narrow a public highway. Considered in this light, the prosecutor contends that such an alteration is prohibited by section 79 of the act under which the proceeding is taken. *Rev., p.* 1010. The pertinent language of this section is as follows : " That nothing in this act contained shall be construed to extend to narrowing, widening or altering any street in any of the cities, towns or villages in this state." This law, in the form in which it now exists, was enacted as section 28 of the act concerning roads, passed February 9th, 1818. Prior to the passage of that act, the same language had been employed in framing section 26 of an " Act making provision for working and repairing the highways," passed March 16th, 1798. *Pat. L.* 325. And at a yet earlier period section 5 of an " Act for regulating roads and bridges," passed March 11th, 1774, prohibited, in somewhat similar terms the widening of streets in villages. In the case of *The State* v. *Hale*, 1 *Dutch.* 324, it was contended, in view of the history of the legislation now under consideration, that it related only to overseers of the highways and to their authority, but the court held—Justice Haines delivering the opinion—that the provision, as found in the act of 1846 (*R. S., p.* 527), extends to the whole act and forbids the narrowing of any street in any village, either by the overseers or by the surveyors of the highways. This construction, which has remained unchallenged for nearly forty years, is conclusive upon the question now before us.

The question of fact, namely, whether the road, where narrowed, by the two returns before us, is a street of any town or village in this state does not seem to admit of any debate.

The testimony is, that starting at Bonnersville, a settlement of three or four houses, the road, in its narrowed condition, runs across the front of prosecutor's land, and immediately becomes the main street of Thoroughfare, a growing village, the number of whose dwellings, at the time of taking of testimony, was variously estimated at from twenty-three to thirty. It was also shown that the public school house was located there, employing two teachers, and that there is a station of the Delaware River Railroad at the point where the railroad crosses the public road in question, on the confines of the village. The official maps of this state, published by the Geological Survey, designate Thoroughfare as a village in terms, and by marginal reference classify it among " villages of less than two thousand population." From the same source, as well as from the official publications of the federal government, we learn that Thoroughfare is a post office. There can, I think, be no doubt that Thoroughfare is one of the villages of this state within the meaning of the Road act, and even Bonnersville would be included under the liberal definition referred to by Chancellor Williamson, in *Holmes* v. *Jersey City*, 1 *Beas.* 299, 306.

The narrowing of the street which results from the proceeding before us, is so clearly within the prohibition in section 79 of the Road act, that the other questions which attack the exercise of judicial discretion in this case have not been gone into. The returns will be vacated, and the rules appointing surveyors upon the two applications will be severally set aside with costs.