JOHN D. NORTON, PROSECUTOR, v. JOHN F. TRUITT ET AL.

Submitted December 8, 1903—Decided February 23, 1904.

1. A petition for laying out a public road does not give jurisdiction to alter and widen an already existing public road.

2. A petition for laying out a public road cannot be used to widen and alter a road or street in a village, such widening and altering only being possible with the consent of three-fourths of the owners in interest of the lands fronting on the part of the road or street so proposed to be affected.

3. The beginning point of the road applied for being three hundred feet from the beginning point as laid out, with several buildings intervening between the two points, is such a material variation as to require the proceedings to be set aside.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Samuel H. Richards.*

For the defendants, *Watkins & Avis.*

The opinion of the court was delivered by

GARRETSON, J. The suit brings up the proceedings of surveyors of the highways in laying a road in the township of Logan, in the county of Gloucester.

The petition to the Court of Common Pleas for the appointment of surveyors of the highways to lay out the road describes the road desired as "beginning at a point at or near the lot of land of Annie E. Lawrence in the southerly side of Main street in the village of Bridgeport, and thence extending generally in a southerly direction, the most suitable and direct course and courses, about one-half mile to a point at or near the lane gate on farm of John Kirby, in the northerly side of the road leading to the Swedesboro road." The return of the surveyors of the highways is of a road of which the centre line is described as "beginning at a stone set in the southerly edge of Main street, in the village of Bridgeport, New Jersey, distant fifteen and one-quarter feet westwardly of the line between lands of Frances B. Leap and Hannah James," and running thence by courses and distances "to a stone in the line of lands of John Kirby."

It appears from the evidence in the case that the road applied for in the petition has existed as a public road for many years, being used as such, built upon and referred to in deeds and conveyances, in some as Front street and in others as the public road leading through South Bridgeport, as far back as 1852; that it was about twenty-two feet wide; that part of it has been shelled and improved on one end by the township committee and has along it a row of street lights, owned and maintained by the township. The effect of the return is to alter and widen an already existing public road. This is a

different result from laying out a public road. The statute authorizes the court to act where ten or more freeholders "shall think a public road necessary, or any public road which has been or shall be laid out unnecessary, or any alteration in such road necessary;" the alteration is distinct from laying out and from vacating and the petition is misleading and does not give jurisdiction for altering by calling for a laying out. *Green* v. *Loudenslager, 25 Vroom* 478.

This proceeding also results in the widening and altering of a street in a village, and by section 167 of the act concerning roads (*Gen. Stat., p.* 2838) this cannot be done without the consent of three-fourths of the owners in interest of the lands fronting on the part of the road or street so proposed to be affected.

The beginning point of the road applied for in the petition appears from the testimony to be three hundred feet from the beginning point as actually laid out and that four buildings and some vacant land intervene between the two beginning points.

This was a material variation and requires that the proceeding be set aside. The court has examined the other objections to these proceedings, but does not deem it necessary to determine them in view of the conclusion already reached.

The proceedings will be set aside, with costs.