KROMER *v*. CENTRAL COAL & COKE COMPANY.

## Opinion delivered May 7, 1917.

1. APPEAL AND ERROR—NECESSITY FOR MOTION FOR NEW TRIAL.—Where a case is heard on evidence before the court which it is necessary to bring into the record by a bill of exceptions, there must be a motion for a new trial, setting up and assigning the grounds of error upon which the motion is predicated in order to give the court which tried the case, an opportunity to review and correct those errors.

2. APPEAL AND ERROR—ABSENCE OF MOTION FOR NEW TRIAL.—Where the record before this court on appeal does not show that a motion for a new trial was filed and passed upon by the trial court, there is nothing that this court can review.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little,* Judge; affirmed.

The appellant *pro se.*

1. Argues the merits of the cause, but the court does not pass upon them.

*Oglesby, Cravens & Oglesby,* for appellee.

1. The transcript shows that defendant filed no motion for a new trial and the judgment must be affirmed. 26 Ark. 536; 27 *Id.* 37; 35 *Id.* 536; *East* v. *Cotton Oil Co.,* 126 Ark. 462.

WOOD, J. Appellant obtained a judgment by default against the appellee July 15, 1915, for $86.00 and costs. On July 10, 1916, appellee filed its motion to set aside the judgment obtained against it by default at a former term, setting up various grounds. The record recites: "Upon the hearing of the foregoing motion the following testimony was introduced by plaintiff and garnishee, which was all the testimony that was introduced in said proceedings, towit:" Then follows the testimony which was preserved by the bill of exceptions, consisting of record entries and documentary evidence, showing proceedings before the circuit court in the case of John Kromer, plaintiff, against John Schultz, defendant, in which the Central Coal & Coke Company was made a party as garnishee. After this testimony is the following recital

in the bill of exceptions: "There was no other evidence
before the court and after hearing argument of counsel
for both parties the court sustains the motion of the gar-
nishee and sets aside the judgment rendered heretofore
against the garnishee on the 15th day of July, 1915, to
which action of the court the plaintiff at the time saved
his exceptions and prayed an appeal to the Supreme
Court of the State of Arkansas and the same was granted
and the plaintiff given ninety days from the said 25th
day of July, 1916, to prepare and file his bill of excep-
tions."

There is no entry in the judgment roll proper nor
in the bill of exceptions brought into the record showing
that the appellant moved the court for a new trial, setting
up therein his assignments of error.

Where a case is heard on evidence before the court
which it is necessary to bring into the record by a bill of
exceptions, there must be a motion for a new trial, set-
ting up and assigning the grounds of error upon which
the motion is predicated in order to give the court which
tried the case an opportunity to review and correct those
errors. Where the record before this court on appeal
does not show that a motion for a new trial was filed and
passed upon by the trial court, there is nothing that this
court can review. *Steck* v. *Mahar,* 26 Ark. 536; *Merri-
weather* v. *Erwin,* 27 Ark. 37; *Lambert* v. *Killian & Prew-
itt,* 27 Ark. 549; *Young* v. *King,* 33 Ark. 745; *Farquhar-
son* v. *Johnson,* 35 Ark. 536. See, also, *Independence
County* v. *Tomlinson,* 93 Ark. 382.

Such being the state of the record here, it must be
presumed that the judgment of the trial court is correct,
and it is therefore, affirmed.