# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

### SPORE *v.* STATE.

#### Opinion delivered January 14, 1924.

1. CRIMINAL LAW—JUDGMENT OF JUSTICE—VALIDITY.—Where a judgment of conviction by a justice of the peace recited the essential jurisdictional facts and that defendant appeared and pleaded guilty to the charges, and there was nothing on the face of the record showing that items of cost assessed were illegal, the circuit court did not err in refusing to quash it on certiorari.

2. CRIMINAL LAW—NECESSITY FOR MOTION FOR NEW TRIAL.—In the absence of a motion for a new trial, the Supreme Court cannot review issues of fact that were determined on the evidence in the trial court.

3. COSTS—REMEDY FOR ILLEGAL EXACTIONS.—Where illegal costs are charged, the proper remedy is to move to retax.

Appeal from Crittenden Circuit Court; *W. W. Bandy,* Judge; affirmed.

*R. G. Brown,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter,* Assistant, for appellee.

WOOD, J. The judgment of the circuit court, from which this appeal comes, recites as follows: "This case came on to be heard on the 26th day of September, 1923, one of the days of the September term, upon the appeal prosecuted by the defendant from a judgment rendered against him by H. A. McGee, a justice of the peace for Crittenden County, on the 2d day of August, 1923, imposing on the defendant in one judgment a fine of $25 and court costs for malicious mischief; $25 and court costs for running a car without lights; $100 and court costs for speeding; and $100 and court costs for assault; and also upon the certiorari proceeding filed in this court on September 24, 1923.

"And thereupon the district attorney moved in open court that the appeal be dismissed upon the ground that the defendant had pleaded guilty in the lower court, and could not thereafter prosecute an appeal, which motion was by the court granted, to which action of the court the defendant at the time excepted and asked that his exceptions be noted of record, which is done.

"And thereupon the matter came on to be heard upon the writ of certiorari granted this day to the defendant, upon his petition for same, the defendant being represented by his counsel, R. G. Brown, Esq., and the respondent, H. A. McGee, and the State of Arkansas being represented by Hon. Cecil Shane, district attorney. The petitioner testified in his own behalf, and introduced in evidence the oral testimony of H. M. Burnett, Esq., and the affidavits of J. M. Glancy and J. V. Britton. H. A. McGee, Esq., and Si Bond, Esq., testified as State's witnesses, and the original information was introduced in evidence.

"From all of the evidence the court finds that there was no duress or deceit practiced upon the defendant at the hearing before the justice of the peace, and that the plea of guilty was made by him freely and voluntarily, after being advised by the assistant district attorney of the maximum fines which could be imposed under a plea of guilty. The court further finds that the court costs adjudged as in four cases and the allowance of $10 fee to the assistant district attorney on each case was legal.

"It is therefore adjudged that the petitioner in the certiorari proceeding is not entitled to any relief, and that the State of Arkansas have judgment for the costs of this court. To all of which the defendant excepts, and his exceptions are ordered noted of record.

"And thereupon the defendant prays and is granted an appeal to the Supreme Court of Arkansas, and the issuance of execution upon the judgment is stayed upon defendant giving an appeal and supersedeas bond in the sum of $600, with security to be approved by the clerk.

"Fifty-five days are allowed the defendant to prepare and present to the court a bill of exceptions and perfect his appeal. All of which is ordered, adjudged and decreed this 26th day of September, 1923."

It appears from these recitals of the judgment that the trial court treated the cause as if the appellant had appealed from the judgment of conviction in the justice court, and sustained a motion of the prosecuting attorney to dismiss the appeal from the judgment of the justice court, on the ground that the appellant had pleaded guilty in the justice court and was thereby precluded from taking an appeal to the circuit court. The recitals of the judgment show that the court did not take this action until after hearing the testimony that was introduced in evidence, and after finding from the evidence that there was no duress or deceit practiced upon the defendant at the hearing before the justice of peace, and after finding that the plea of guilty was made by him freely and voluntarily. The court found that the allowance of $10 attorney's fee adjudged in each of the four cases was legal, and that the petitioner, the appellant here, was not entitled to any relief in certiorari proceedings.

The judgment of the justice court does not show on its face any lack of jurisdiction in that court to render judgment. It recites the essential facts, showing that that court had jurisdiction and that the defendant, appellant here, "appeared and pleaded guilty to the charges of malicious mischief, speeding on the highway, driving without lights, and assault." There is nothing on the face of the record itself showing that the items of cost were illegal. Therefore, on the face of the judgment of the justice itself, it cannot be said that the court erred in refusing to quash it on certiorari.

The recitals of the judgment of the trial court show that the court also inquired into the facts, treating the cause as if it were on appeal *de novo* from the judgment of the justice court, and determined, after hearing this evidence on the State's motion to dismiss, that the judg-

ment of the justice was correct. The record does **not** show, upon these findings of fact by the trial court, **that** the appellant moved for a new trial. There is no motion for a new trial in the record. In the absence of a motion for a new trial, this court cannot review issues of fact that were determined on the evidence in the court below. *Kromer* v. *Central Coal & Coke Co.*, 129 Ark. 86; *Smith* v. *Wallace-McKinney Coal Co.*, 140 Ark. 218; *Free* v. *Adams*, 148 Ark. 654, and other cases cited and collated in Cumulative Supp. to Crawford's Digest, 1924, "Appeal & Error," § 116.

The Attorney General has called our attention **to** the fact that the record contains no motion for a new trial, and, upon examination, we find that he is correct.

It is contended by counsel for appellant that illegal costs were adjudged. If so, the proper remedy is to move to retax.

No error is made to appear in the rulings of the trial court. The judgment is therefore affirmed.