BURNS *v.* HARRINGTON.

Opinion delivered January 28, 1924.

1. APPEAL AND ERROR—ERROR APPEARING UPON RECORD.—Neither motion for new trial nor bill of exceptions is necessary where the error sought to be reviewed appears from the judgment record itself.

2. HIGHWAYS—ORDER LAYING OUT—RIGHT OF APPEAL.—Under Crawford & Moses' Dig., § 5249, employing the county court to lay out a road without notice and without the appointment of

viewers to locate the road, a landowner affected thereby has a right to appeal from such an order.

3. HIGHWAYS—DESIGNATION OF ROAD—INDEFINITENESS.—An order of the county court establishing a road, in which no reference is made to any survey, and the route is not marked or designated except in a general and indefinite way, without indicating how or where the lands of the respective owners would be crossed, except that one terminus would intersect the county road at a designated place, *held* void for indefiniteness.

4. APPEAL AND ERROR—ESTABLISHMENT OF ROAD—REVIEW.—Where, in the proceeding to establish a new road, an order of the county court, rendered after the cause was fully heard on the merits, became final, it was reviewable on appeal, and could not be set aside at a subsequent term of the county court.

Appeal from Marion Circuit Court; *J. M. Shinn*, Judge; reversed.

*Sam Williams*, for appellants.

There is no bill of exceptions, hence the only errors of which the court can take cognizance must appear on the face of the record. 100 Ark. 515; 111 Ark. 468. C. & M. Digest, § 5249, has been upheld by this court. 134 Ark. 121. As also the landowners' right to appeal. 135 Ark. 83. Proceeding under the above statute, the route to be followed should be sufficiently described in the order of the court laying it out as to enable the overseer to locate the roadbed. 66 Ark. 292, 295-6. The record shows that that was not done in this case.

*J. H. Black*, for appellees.

The description is sufficiently definite to meet the requirements of the statute. C. & M. Digest, § 5229.

*Sam Williams*, for appellant, in reply.

Section 5229, C. & M. Digest, does not apply. This is a proceeding under § 5249, *Id.*, which does not provide for the appointment of viewers to lay out and mark the location of the road.

SMITH, J. On January 2, 1922, G. H. Harrington and other citizens filed in the county court of Marion County a petition for the establishment of a new road, described as follows: "Beginning at or near the NE corner of the NE¼ of the NW¼ section 19, township 17

north, range 17 west, known as the J. L. Smithee place, running thence in a northeasterly direction, following the ridge along the most practical road way, keeping on top of the ridge a distance of about three miles to the northwest corner of the Isom Stanley place; thence following said ridge running in a northeasterly direction along the most practical road way or route, crossing the lands of A. D. Morgan, G. A. Elton, D. W. Jackson, D. B. McNair, John Glenn, W. R. Jones, S. D. Glenn, Theo. Burns, B. F. Burns, Pink Kyles, G. W. Bogle, A. T. Bogle, Watson & Jones, and intersecting the county road at what is known as the Stone place.'' The petition was filed under § 5249, C. & M. Digest.

On the next day after the filing of the petition the court made an order establishing the road, the description set out in the petition being employed in the court order.

On January 27, 1922, B. F. Burns and other citizens filed a petition in the county court praying the court to set aside the order establishing the road. This petition was heard and denied. Thereafter Burns prayed an appeal from the order of the court establishing the road, and from the order overruling the petition to vacate the order establishing the road. These appeals were heard as presenting a single issue in the circuit court on October 12, 1922, when the order of the county court was affirmed, and this appeal is from that judgment.

There was no motion for a new trial, nor bill of exceptions filed, but these are not necessary where the error sought to be reviewed appears from the record itself. *Ford* v. *State,* 100 Ark. 515; *Independence County* v. *Tomlinson,* 95 Ark. 565; *Norman* v. *Fife,* 61 Ark. 33; *Ward* v. *Carlton,* 26 Ark. 662; *Anthony* v. *Sills,* 111 Ark. 468.

The error here sought to be reviewed is the alleged indefiniteness of the description of the road—a fact which appears from the record itself.

The section of the statutes under which this proceeding was had (§ 5249, C. & M. Digest) empowers the county

court to lay out a road without notice and without the appointment of viewers to locate the road. *Sloan* v. *Lawrence County,* 134 Ark. 121. But that section of the statute also gives a landowner affected thereby the right to appeal, as has been done here. *McMahan* v. *Ruble,* 135 Ark. 83.

In the case of *Beck* v. *Biggers,* 66 Ark. 292, an order of the county court laying out a road was held void because the road was not sufficiently described. It was there said: "Again, whether the route of the road was set forth in the report of the viewers as really fixed by them, it is impossible for us to determine from this record; but the description of the terminal and intermediate points of the route contained in said reports, and in the order of the court based thereon, is certainly indefinite enough, and a stranger, even with the aid of compass and chain, could with difficulty, if at all, certainly determine what was the true location of the road. This being true, the description is too indefinite to meet the requirements of the law."

The necessity for a description of a road sufficient to make its location certain is as great now as it was when that case was decided, for, under the law as it then existed, notice of the intended presentation of the petition was necessary, whereas this notice is not required by § 5249, C. & M. Digest.

Here, there is no reference to any survey, and it does not appear that the route of the new road has in any way been marked or designated, except in the general and indefinite language set out above. It begins at or near a corner of a forty-acre tract of land, and runs thence in a northeasterly direction, following the ridge, along the most practical road way, keeping on top of the ridge, a distance of about three miles, to a fixed point, from which point it follows the ridge in a northeasterly direction along the most practical road way or route (a fact which the court order makes no pretense of determining), across the lands of thirteen different landowners. The road crosses the land of these proprietors.

It does not appear whether they are coterminous owners, and, if so, what line forms their boundary; and, if they are not coterminous owners, there is nothing to indicate how or where the lands of the respective owners would be crossed, except that the northeastern terminus of the new road would intersect the county road at what is known as the Stone place.

We think the interested persons are entitled to more definite information than this order contains, and that it is therefore void for indefiniteness.

The judgment here appealed from was rendered by the circuit court on October 12, 1922, the same being an adjourned day of the August term of the court. This order recited the appearance of the petitioners and the remonstrators, and the hearing by the court of the cause on its merits, and a general finding in favor of the petitioners for the road, and an affirmance of the order of the county court, to which ruling exceptions were duly saved.

After thus hearing and adjudging the cause, it appears that, at the ensuing January term of the court, without additional pleadings of any character, or notice of any kind, the court entered an order that the remonstrators had failed to take and perfect their appeal as prayed for by them. The court thereupon renewed its finding that the road was required by the public, etc., and directed the clerk of the circuit court to remand the cause, with directions to the county court to open up the road as prayed for.

We think that the order and judgment rendered at the August term, at which the cause was fully heard on its merits, became final, and passed beyond the control of the court, upon the adjournment of that term, and appellants had the right to have that judgment reviewed, and, as it appears to be erroneous on its face, it will be quashed.