BUCHANAN v. HALPIN.

Opinion delivered April 2, 1928.

1. APPEAL AND ERROR—NECESSITY OF MOTION FOR NEW TRIAL.—A motion for new trial is unnecessary where the error sought to be reviewed appears from the judgment record itself.

2. MANDAMUS—MOTION FOR NEW TRIAL UNNECESSARY WHEN.—Where the complaint and judgment in a mandamus proceeding, constituting the judgment roll, show that defendant street commissioners failed to comply with the requirement of Crawford & Moses' Dig.,

§ 5718, by filing annual statements of receipts and disbursements, no motion for new trial is necessary to present the question for review on appeal from a judgment denying the writ of mandamus, as the error appears from the face of the record.

3. MANDAMUS—NECESSITY OF MOTION FOR NEW TRIAL.—No proof being necessary to establish the allegations of a verified petition for mandamus, error in denying the petition appeared on the face of the record and is reviewable without motion for new trial, though oral testimony was introduced, where the judgment recited that defendants made default, the presumption being in that case that the testimony was introduced in support of the allegations of the petition.

4. MANDAMUS—PARTIES.—The owner of real property within the street improvement district is entitled to a writ of mandamus to enforce performance of duty of commissioners under Crawford & Moses' Dig:, § 5718, to file annual statements of money received and paid out, but the proceeding must be in the name of the State.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; reversed.

STATEMENT OF FACTS.

S. A. Buchanan filed a petition for writ of mandamus in the circuit court against B. E. Halpin, C. J. Horner and C. Welcher, commissioners of Street Improvement District No. 70 of the city of Hot Springs, Arkansas, to compel them to file with the city clerk a statement showing all collections and money received and paid out, with proper vouchers for all such payments, as required by the provisions of § 5718 of Crawford & Moses' Digest. S. A. Buchanan alleges that he owns certain real estate situated within the boundaries of said improvement district, which is specifically described in his petition. He alleges that said commissioners have failed and refused to comply with the provisions of said § 5718. He alleges that, as an owner of property within the district, he had demanded compliance by the commissioners with said section of the statute, and caused written notice to be served upon them that he would make application to the circuit court for a writ of mandamus to compel them to comply with the statute. S. A. Buchanan has duly verified his petition.

The judgment of the circuit court recites that S. A. Buchanan appeared in person and by attorney, but that the defendants, who are specifically named, came not, but made default. The judgment further recites that the defendants were adjudged by the court to be in default, and that notice had been served upon them as required by law. The judgment further recites that the case is submitted to the court on the duly verified petition of S. A. Buchanan, upon the written notice showing service thereof, and upon oral testimony. It was considered, ordered and adjudged by the court that the petition of S. A. Buchanan for a writ of mandamus should be denied. From the judgment rendered S. A. Buchanan has duly prosecuted an appeal to this court.

*Appellant pro se.*

*Murphy & Wood,* for appellee.

HART, C. J., (after stating the facts). It is sought to uphold the judgment of the circuit court upon the ground that Buchanan did not file any motion for a new trial, and that there is therefore nothing presented for review here, under our rules of practice. We cannot agree with counsel for the defendants in this contention. This court has held that neither a motion for a new trial nor a bill of exceptions is necessary where the error sought to be reviewed appears from the judgment record itself. *Burns* v. *Harrington,* 162 Ark. 162, 257 S. W. 729. In *Miller* v. *Tatum,* 170 Ark. 152, 279 S. W. 1002, it was held that, where there was no motion for a new trial in an action for mandamus, the consideration on appeal will be limited to errors on the face of the record.

In the case at bar the record itself recites that the defendants, although duly served with notice as required by the statute, wholly made default, and the case was submitted on the verified petition of the plaintiff. The plaintiff alleged that the defendants, commissioners of the street improvement district, had wholly failed to file with the city clerk a statement showing all collections and money received and paid out, with proper vouchers

for all such payments, as required under the provisions of § 5718 of Crawford & Moses' Digest. This court has held that, under this section of the statute, boards of commissioners in municipal improvement districts are required to file annual statements with the city clerk in which city such improvements have been ordered made, showing all collections and money received and paid out, with proper vouchers for all such payments. *Boullioun* v. *Little Rock, ante,* p. 489. The complaint of the plaintiff and the judgment itself constitute the judgment roll, and show that the defendants failed to comply with the mandatory duty provided by the statute. Therefore the error appears from the face of the record, and no motion for a new trial was necessary.

In so holding, we are not unmindful that oral testimony was introduced. As we have already seen, it also recites that the defendants made default. Hence the only reasonable presumption is that the oral testimony was introduced by the plaintiff in support of the allegations of his petition. The petition shows that it was duly verified by the plaintiff. Hence proof was not necessary to establish its allegations. It would be unreasonable to hold that oral proof introduced by the plaintiff was for any other purpose than to establish the allegations of his complaint, and, no proof being necessary for that purpose, the oral evidence had no place in the case; and the case stands here as if there had been judgment upon the complaint after the defendants had made default. In this state of the record, the error complained of appears upon the face of the record itself, and no motion for a new trial was necessary.

In this connection it may be stated that the plaintiff alleged that he was the owner of real property within the district, and had a right to enforce the performance of the duty required of the defendants under the statute. In *Moses* v. *Kearney, Clerk,* 31 Ark. 261, it was held that, where the writ of mandamus is sought for the enforcement of a public right, common to the whole community,

it is not necessary that the relator should have a special interest in the matter, or be a public officer; the statute, however, requires that the proceeding shall be in the name of the State.

The result of our views is that the circuit court erred in not granting to the plaintiff the writ of mandamus as prayed for, and the judgment will be reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.