Tuggle *v.* Tribble.

Opinion delivered May 21, 1928.

*C. T. Cotham* and *George P. Whittington,* for appellant.

*Murphy & Wood,* for appellee.

HART, C. J., (after stating the facts). No motion for a new trial was filed in the circuit court, and, under our rules of practice, we can only consider errors appearing on the face of the record. *Burns* v. *Harrington,* 162 Ark. 162, 257 S. W. 729; and *Miller* v. *Tatum,* 170 Ark. 152, 279 S. W. 1002. Counsel for appellants recognize this rule, but rely for reversal of the judgment on certain errors which they claim appear on the face of the record.

The method of procedure adopted by A. H. Tribble and other property owners in petitioning for the alteration of the public road was in accordance with the provisions of act 611 of the Acts of 1923. This act amends act 422 of Acts of 1911, relative to the power of the county court in making changes in public roads. Acts of 1923, page 490. The act of 1911 just referred to is § 5249 of Crawford & Moses' Digest. There is no substantial difference between the act of 1923 and the act of 1911 above referred to, relative to the proceedings in

changing and altering public roads. The act of 1923, under which the present proceeding was had, is more comprehensive, and provides for additional procedure in the matter, but is substantially the same as the provisions of § 5249 of Crawford & Moses' Digest. Hence our decisions construing that section are equally applicable to the provisions of the act of 1923.

It is earnestly insisted by counsel for appellants that the court erred in not following the provisions of § 5247 of Crawford & Moses' Digest relative to the vacation of public roads, instead of the provisions of the statute relative to altering or changing public roads. Section 5247 of Crawford & Moses' Digest is part of the act of March 23, 1871, and relates solely to the method of procedure to be followed where a county road or any part thereof is to be vacated because considered useless. We have held that the two acts operate in different fields and were enacted to serve wholly different purposes. *Hill* v. *McClintock*, 175 Ark. 1059, 1 S. W. (new series) 564. In that case we quoted with approval the distinction made by the Court of Appeals of Kentucky between the alteration and the discontinuance of a public highway. In the case where the road is vacated it is abolished altogether, and in the case of its alteration the road is kept up, and leads in the same general direction, although there may be some change in the route. In the case last cited we held that the alteration of a public road was accomplished by a distinct exercise of discretion from that of vacating an existing road or a part thereof. In the very nature of things an application for an alteration of a public road requires a change in a part of the road, but the matter should be presented to the court as one application. The road is the same, and does not open up a new route of travel or abandon an existing one. Every alteration may involve to some extent the discontinuance of a part of the old highways and the laying out of some part of a new highway, but such laying out and discontinuance are the incidents of an alteration, and are not

independent matters. *People* v. *Jones,* 63 N. Y. 306; *Green* v. *Loudenslager,* 54 N. J. L. 478, 24 Atl. 367; and 29 C. J., § 198, on page 503, and § 224, on page 516. Hence we are of the opinion that the court properly followed the act relative to changing or altering public roads, instead of the act providing for the vacating of a public road or a part thereof when it shall be considered useless.

It is next insisted that the court erred in following the provisions of act 611 of the Acts of 1923, above referred to. It is pointed out that the act under consideration is a special act, and it is claimed that the notice required by the Constitution of the intention to apply for the passage thereof was not given. The act was passed at the General Session of 1923, and was approved on March 23, 1923. Hence, under the settled rules of this court, it will be conclusively presumed by the court that the notice required by the Constitution was given. *Davis* v. *Gaines,* 48 Ark. 370, 3 S. W. 184; *St. Louis Southwestern Ry. Co.* v. *State,* 97 Ark. 473, 134 S. W. 970; and *Booe* v. *Road Improvement District,* 141 Ark. 140, 216 S. W. 500.

It is next insisted that the act was unconstitutional because it was in violation of article 5, § 24, of the Constitution, which provides, among other things, that the General Assembly shall not pass any local or special law vacating roads, streets or alleys. We do not consider that this provision of the Constitution was violated, because it was evidently designed to prevent the Legislature from passing an act whose direct purpose and effect was to vacate a road, street or alley. The act in question was simply enacted for the purpose of prescribing the method of procedure to be followed by the county courts in certain counties in changing or altering public roads. In fact, the act states that it was simply designed to provide for additional procedure in the matter of changing or altering public roads. The adoption of a method of procedure to be followed by the county court in changing public roads in certain counties does not in

any sense offend the provision of the Constitution just referred to.

It is next contended that the county court had no right to vacate a suburban highway which had been dedicated to the public, and that D. M. Tuggle and other abutting landowners had a vested interest in the matter, because they had bought property relying upon the fact that the road in front of their property would always be a public road. If this were true, there could never be any change in an existing highway, because doubtless all abutting property owners would claim that they had bought their property relying upon the fact that it was abutting upon a public easement, and that the road could never be discontinued or changed.

Of course the county court should not change or alter a public highway unless the public convenience or necessity requires such change. But we cannot review the discretion of the county court in this respect, because no motion for a new trial was filed in the circuit court, and this bars any inquiry on appeal into the question of fact whether or not the county court acted under the testimony as the public convenience or necessity would require.

In this connection it may be said that there can be no change of an existing highway that does not cause some private inconvenience, and, in that sense, injury to the abutting property owners, who have adapted themselves to the existing order of things and have purchased property on a highway which they believed would never be changed. There is no question presented in the record that appellants have been entirely cut off from any public highway by the proposed change in the public road in question.

We pretermit any decision on the question whether or not a property owner would be entitled to damages if the highway should be changed so as to entirely cut him off from access to any public road. In this connection it may be said that no provision is made in the statute

for damages in such a case, but we do not pass upon the question whether an action for damages would lie where a property owner is injured by being entirely cut off from a public road so that it might be said that his property was taken or damaged for public use, within the meaning of our Constitution, without providing adequate compensation therefor. The authorities on this question are conflicting, and we do not consider the question at all presented by the face of the record in the present case.

Finally, it is insisted that the judgment of the circuit court is at material variance with that of the county court. The case was appealed and tried *de novo* in the circuit court. Of course, the circuit court could not try an entirely different issue or a substantially different one from that tried in the county court. We do not think, however, that this was done in the circuit court. The matter presented and tried by it was in all essential respects the same as that determined by the county court; and, while the judgment of the circuit court differed in some respects from that of the county court, it did not try an issue which was not raised by the petition and remonstrance filed in the county court.

The result of our views is that the circuit court was correct in its judgment, and it will therefore be affirmed.