SWILLEY & SONS *v.* GOODWIN.

Opinion delivered June 11, 1928.

*John Carroll,* for appellant.

*Pope & Jennings,* for appellee.

WOOD, J. This action was instituted in the circuit court of Union County by the appellees against the appellants for a writ of certiorari to quash a judgment rendered in favor of appellants against appellees by J. H. Lee, a justice of the peace of El Dorado Township, Union County, Arkansas. It was alleged, in substance, that the judgment of the justice was void because no service had been had upon the defendants, against whom the judgment was rendered in the justice court. It was alleged that the defendants in the action before the justice were not indebted to the plaintiff in that action in any sum, and that they each had a complete and perfect defense to the action.

The writ of certiorari was issued and the docket of the justice judgment was brought before the court. Among other things it recites that a summons was issued against the defendants and delivered to the constable of the township in which the defendants resided. The justice recites that the plaintiff appeared, but that the defendants did not appear, and the judgment was rendered against them by default. The judgment of the justice does not recite that the defendants in the action before the justice were served with process.

A demurrer to the petition for certiorari was overruled. In the answer to the petition for certiorari it was set up, in substance, that all the papers in the original action before the justice, in which judgment was rendered against the petitioners, had been lost, except the docket entries of the justice showing the judgment that

was rendered against the defendants in that action, petitioners herein. Said docket entries of the judgment are set forth, and they recite, in substance, that the plaintiff filed an action on account before the justice in the sum of $139.22; that summons was issued against the defendants, and that on the day set for hearing the defendants did not appear, and judgment was rendered against them by default. The judgment, as above stated, does not recite that summons was served. The docket of the justice also shows that writs of garnishment were issued on the judgment against the Chicago, Rock Island & Pacific Railway Company, and that the defendants filed their separate schedules, claiming that the amounts due them by the railway company were exempt.

The judgment from which this appeal comes contains the following recital: "Whereupon, this cause coming on to be heard on its merits, after hearing all the evidence introduced by the parties herein, the court finds that the judgment rendered on the 18th day of December, 1922, by J. H. Lee, justice of the peace of El Dorado Township, in Union County, Arkansas, in the above entitled cause, is void for want of jurisdiction on the part of said justice of the peace, J. H. Lee. It is therefore ordered and adjudged by the court that the aforesaid judgment entered as aforesaid is null and void," etc.

There is a bill of exceptions in the record setting out all the oral testimony upon which the cause was heard. This bill of exceptions shows that the trial court found that there was no service of process upon the petitioners, Asa Goodwin and Hugh Goodwin, and that the judgment rendered on the 18th day of December, 1922, by J. H. Lee, a justice of the peace of El Dorado Township, Union County, Arkansas, is void for want of jurisdiction on the part of said justice. The record does not show that a motion for new trial was filed.

"Where a case is heard on evidence before the court which it is necessary to bring into the record by a bill of exceptions, there must be a motion for a new trial, setting up and assigning the grounds of error upon which the

motion is predicated, in order to give the court which tried the case an opportunity to review and correct those errors. Where the record before this court on appeal does not show that a motion for a new trial was filed and passed upon by the trial court, there is nothing that this court can review." *Kromer* v. *Central Coal & Coke Co.,* 129 Ark. 86, 195 S. W. 370, and cases there cited.

The error complained of on this appeal does not appear on the face of the record itself. *Burns* v. *Harrington,* 162 Ark. 162, 257 S. W. 729. Therefore, under the doctrine of the case of *Kromer* v. *Central Coal & Coke Co., supra,* a motion for a new trial was necessary in order to enable this court to review the judgment of the trial court for the errors of which the appellants complain. The judgment of the trial court is therefore correct, and it is affirmed.