OIL FIELDS CORPORATION *v.* CUBAGE.

Opinion delivered February 3, 1930.

*Albert L. Wilson* and *Mark T. Wilson,* for appellant.
*Gaughan, Sifford, Godwin & Gaughan,* for appellees.

HART, C. J., (after stating the facts). In the first place, it may be stated that where a case is tried on oral evidence, and such evidence is not brought into the record by bill of exceptions or otherwise, and no motion for a new trial is filed, this court can only consider on appeal errors apparent from the face of the record. *Buchanan* v. *Halpin,* 176 Ark. 822, 4 S. W. (2d) 510; *Tuggle* v. *Tribble,* 177 Ark. 296, 6 S. W. (2d) 312. In the application of the rule to the present appeal, we must indulge the presumption that the evidence introduced warranted the jury in returning a verdict for appellees in the sum of $500.

Counsel for appellant recognizes this rule, but rely for a reversal of the judgment on the ground that the court erred in not sustaining appellant's motion for judgment notwithstanding the verdict. They rely upon § 6273 of Crawford & Moses' Digest, which provides that where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so entered by the court, although a verdict has been found against such party.

In the first place, it may be said that judgment notwithstanding the verdict can be entered only when motion is made after the verdict, and before the entry of judgment thereon. Freeman on Judgments (5th ed.), vol. 1, § 10; 15 R. C. L. 608; and 33 C. J. 1187, at paragraph 117.

While the common law has been relaxed to the extent that a defendant may have a judgment notwithstanding the verdict in a proper case, still such a judgment can be

rendered only when the pleadings entitled the party against whom the verdict is rendered to a judgment. *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. (2d) 49; and 33 C. J. 1180, at § 112. See also *Collier* v. *Newport Water, Light & Power Co.,* 100 Ark. 47, 139 S. W. 635, Ann. Cas. 1913D, 458, and *Scharff Distilling Co.* v. *Dennis,* 113 Ark. 221, 168 S. W. 141.

Even if appellant had filed its motion before the entry of judgment, it cannot be said that there was no statement in the complaint to justify the court in entering a judgment in favor of the appellees, who were the plaintiffs below. They allege in their complaint that the appellant committed a breach of the contract by failing to supply them with living and traveling expenses while securing the additional acreage as it had agreed to do. They also allege that it had failed and refused to pay appellees two dollars per lease as it had agreed to do. Both these matters constituted, under the allegations of the complaint, a violation of the contract between the appellant and appellees, and we must indulge the presumption that the proof showed that the amount of damage was $500. In any event, it was some substantial amount, and the court could not have entered a judgment in favor of the defendant notwithstanding the jury had found a verdict in favor of the plaintiff. As above stated, there being no motion for a new trial, we must indulge the presumption that the evidence was legally sufficient to support the verdict.

Again, it is insisted that the motion should have been granted, because appellees could have secured the 1,000 additional acreage from the Fordyce Lumber Company, and that this. together with the 2,800 acres of leases in escrow, would have made up the 4,000 acres which they required. The complaint, however, alleges that appellant failed and refused to enter into a contract with the Fordyce Lumber Company for leases on its 1,000 acres of land, and that. on this account, appellees failed to secure the leases from the Fordyce Lumber Company. Again, they stated that appellees were not damaged, be-

cause they were in control of oil and gas, leases largely in excess of the amount which appellant agreed to secure from them. This would not make any difference. Under the allegations of their complaint, appellees were entitled to recover damages against appellant for breach of contract. One of the grounds for the breach of the contract was that appellant had failed and refused to pay them their living expenses and traveling expenses in securing the additional leases, and had also refused to pay them for certain additional leases. No matter how much appellees might have made from the contract, they were entitled to recover whatever damages they may have suffered by reason of the breach of it on the part of appellant.

We find no prejudicial error in the record, and the judgment will therefore be affirmed.